(No. 27918.—

George Christian, Plaintiff in Error, *vs.* Peter Smir-
inotis, Defendant in Error.

*Opinion filed Sept. 19, 1944—Rehearing denied Nov. 20, 1944.*

Charles P. R. Macaulay, of Chicago, for plaintiff
in error.

James F. Lyons, of Chicago, for defendant in error.

Mr. Justice Stone delivered the opinion of the court:

By this writ of error, plaintiff in error, hereinafter des-
ignated plaintiff, seeks the reversal of a judgment of the
Appellate Court, First District, affirming an order of the
county court of Cook county allowing the petition of de-

fendant in error, herein referred to as defendant, reinstating a certain cause of action and ordering it placed on the trial call, for hearing.

Plaintiff, in 1930, recovered a judgment against defendant in a justice-of-the-peace court. Defendant appealed to the county court and the case was allowed to lie in that court until January, 1935, when the appeal was dismissed on peremptory call.

On March 17, 1936, defendant filed in the county court, under section 72 of the Civil Practice Act, a motion or petition in the nature of a writ of error *coram nobis,* alleging that the appeal had been dismissed by mistake of fact on January 3, 1935; that the county court should have dismissed the case and not the appeal, and should have rendered judgment in favor of defendant for costs, and that on February 28, 1936, plaintiff, without notice to petitioner, procured the issuance by the county court of a writ of *procedendo.* The petition prayed for an order vacating the orders dismissing the appeal and directing the issuance of a *procedendo,* and that the cause be reinstated on the trial calendar, and set for trial. Plaintiff filed a motion to strike the petition on the ground the court did not have jurisdiction to set aside an order of dismissal after term time. The county court, on hearing, overruled the petition of defendant to vacate the order of dismissal. Defendant appealed to the Appellate Court, First District, where the order of the county court was reversed and the cause remanded, but with directions to permit plaintiff to answer the petition, and for further proceedings not inconsistent with the opinion.

The cause was redocketed in the county court, plaintiff filed an answer to the defendant's petition and defendant filed a replication. The county court, treating the replication as a motion to strike the answer, overruled it, and without hearing evidence, entered an order·reinstating the

cause on the trial docket and setting same for trial. Plaintiff appealed to the Appellate Court where it was held that while the effect of the order of the county court was proper, the court had treated the replication as a motion to strike the answer and had inaptly overruled such motion whereas he should have sustained it, and also held that, in consequence of such ruling, plaintiff should be allowed to file an answer, and a hearing upon the merits of the petition and answer should be had, and sent the case back with such direction.

The cause was again redocketed in the county court and plaintiff filed an amended answer to the petition to reinstate. Defendant filed a motion to strike that answer. The county court denied the motion, but, without hearing evidence, entered an order allowing defendant's petition, set aside the order of dismissal of January, 1935, and the order for *procedendo,* and set the trial of the cause for September 17, 1939. Plaintiff appealed to the Appellate Court from this order. The order was reversed and the cause again remanded with directions that defendant's petition and plaintiff's answer thereto be set down for hearing, and directing the court, if the petition in *coram nobis* is allowed, to set down the case appealed from the justice of the peace for hearing on its merits *de novo,* and if the petition in *coram nobis* be not allowed, to dismiss that petition.

Upon again redocketing the cause pursuant to the mandate of the Appellate Court, the county court, over objection by plaintiff, heard evidence adduced by defendant. Plaintiff, relying upon his contention in the three former appeals that the court lacked jurisdiction under defendant's petition, refused to offer any evidence. The county court granted the prayer of defendant's petition, vacated the judgment of dismissal of the appeal, reinstated the cause and set it for trial December 15, 1942. Plaintiff again appealed to the Appellate Court where the judgment

was affirmed and this writ of error is to review that judgment.

The errors relied upon for reversal are that the Appellate Court, in violation of section 11 of article VI of the constitution, exercised original and not appellate jurisdiction, and that paragraph (e) of section 92 of the Civil Practice act, as construed by the Appellate Court, violates the provisions of the constitution. It is argued that the Appellate Court exceeded its jurisdiction (a) by drawing an inference of fact from the record filed by the clerk in response to the *praecipe* for record filed by defendant on the first appeal; (b) by directing the county court to vacate the order dismissing the appeal, and (c) by directing the county court to hear the cause on the petition of defendant and plaintiff's amended answer thereto.

It appears from the opinion of the Appellate Court on the first appeal, that the "inference of fact" claimed by plaintiff to have been erroneously drawn by the Appellate Court, arose from the following facts appearing in the record: In the *praecipe* filed by the defendant for making up the record of the trial court on the first appeal to the Appellate Court, which was taken by defendant, the clerk was requested to include the order of the court directing the clerk to prepare the trial calendar on which this cause appeared. No such order was included. The Appellate Court said: "Therefore it may be inferred that no such order was entered and that the clerk prepared the calendar without the written order of the judge of the county court. The instant proceeding had not been noticed for trial, and therefore could not properly have been included in a calendar of cases within the contemplation of rule 17 of the county court. * * * This constituted a misprision on the part of the clerk, which under section 72 of the Practice act, vested the court with jurisdiction, within five years after the entry of the order complained of, to entertain a petition and motion for setting aside the dismissal," citing

*Cramer* v. *Illinois Commercial Men's Ass'n,* 260 Ill. 516, and *Smyth* v. *Fargo,* 307 Ill. 300.

When the Appellate Court, in the first opinion, reversed the order of March 27, 1936, which denied the petition of defendant in the nature of a writ of error *coram nobis,* it is clear that if, by this co-called "inference of fact," which plaintiff's counsel say was not based on facts as shown by the record, the Appellate Court exceeded its constitutional jurisdiction, plaintiff's right to a writ of error arose on that decision of the Appellate Court. By his participation in the proceedings that followed, which included three other appeals taken by him to the Appellate Court, he waived any constitutional question, if any he had.

The Appellate Court was consistent in all of its opinions in its endeavor to direct the trial court to the proper method of hearing this petition in the nature of a writ of error *coram nobis.* Such proceeding is a new suit and has nothing to do with the merits of the original controversy between the parties. The judgment of the Appellate Court on the fourth appeal, which is the one sought to be reversed by this writ of error, was a final judgment, as it disposed of the controversy arising on the petition in the nature of a writ of error *coram nobis. Cramer* v. *Commercial Men's Ass'n,* 260 Ill. 516; *Domitski* v. *American Linseed Co.* 221 Ill. 161; *Mitchell* v. *King,* 187 Ill. 452.

Since plaintiff's other alleged constitutional questions hinge upon this so-called "inference of fact," and he has waived any constitutional question, if any he had, arising on the Appellate Court's first opinion, he is not now entitled to have it heard on writ of error. The writ of error is, accordingly, dismissed.

*Writ of error dismissed.*