Elmwood Ford Motors, Inc., a Corporation, Plaintiff-Appellee, v. Lino Mardegan and Eugene P. McCartney, Defendants-Appellants.

Gen. No. 48,958.

First District, Second Division.

June 12, 1963.

Charles C. Porcelli, Charles S. Lippa and James J. Jorgensen, of Chicago, for appellant.

James E. Whealan, of Chicago, for appellee.

MR. PRESIDING JUSTICE BRYANT delivered the opinion of the court:

This is an appeal from an order of the Superior Court of Cook County entered on July 5, 1962, dismissing a petition by defendant, Lino Mardegan, to vacate a judgment entered on May 4, 1962.

The controversy arose out of the sale of a used Ford Truck Tractor. Defendant defaulted upon the payments. The plaintiff, Elmwood Ford Motors, Inc., filed a complaint. Defendant was served with summons on January 2, 1962. Defendant failed to appear and answer and on April 16, 1962, an order of default was entered. On May 4, 1962, in an ex parte hearing, at which the court heard testimony and received evidence, a judgment was entered against the defendant for the sum of $2,608.39 and costs. On June 21, 1962, defendant served notice of petition and affidavit to vacate and set aside judgment.

Defendant complains that his petition to vacate the default order complied with the requirements of § 72 of the Civil Practice Act (SHA c 110 § 72) and showed due diligence and a meritorious defense and that the court erred in considering counter-affidavits on the merits.

██ We disagree. Defendant contends that the only reason he did not defend the suit below was because upon receipt of the summons he spoke to the plaintiff through John V. Parker, its president and corporate director, and was told "that the proceeding was inadvertently instituted, that it was in error and would not prosecute this matter and would have its attorney dismiss this cause of action erroneously instituted." Defendant states he first heard of the default judgment against him on Friday, June 1, 1962, when he was notified that a Garnishment Summons was served upon his bank account. If he had acted promptly he could have presented his motion to vacate on June 4 within the 30-day period or even shortly thereafter. Instead, defendant waited an additional 17 days. This does not sound like due diligence.

██ Beyond this defendant claims that the affidavits heard by the lower court were to the merits and, therefore, improperly heard. The record shows that the affidavits of plaintiffs, John V. Parker, Presi-

dent, Marion M. Parker, Vice-President, and Richard E. Bellgardt, Secretary-Treasurer, went only to the question of the alleged telephone conversation between the defendant and John V. Parker. Affidavits on this point do not go to the merits of the controversy but only to the due diligence of defendant. In the case of Harder v. Advance Transportation Co., Inc., 26 Ill App 2d 439, 168 NE2d 777, involving a petition under Section 72, the court said at page 451:

> "The defendant-appellant also urges that it was error for the Trial Court to consider the counter affidavit of the plaintiffs' attorney attached to their motion to strike or deny the defendant's motion, because that affidavit went to the merits of the defendant's defense. If counter affidavits relating to the merits should not be considered on a motion of this type to vacate a default judgment, it may be observed that that affidavit in fact related very little to the merits, but more to the defendant-appellant's diligence; . . ."

See also Hodge v. Stigall, 20 Ill App2d 45, 155 NE 2d 355 and Stranak v. Tomasovic, 309 Ill App 177, 32 NE2d 994.

■ As to the merits of the controversy, defendant had every opportunity to prepare and submit evidence at the hearing. He chose only to submit one affidavit which alleged that the tractor involved in the sales contract was a 1958 tractor and not a 1959 tractor as stated in the sales contract. Yet the record showed that defendant bought the tractor on August 19, 1960, and apparently continued payments of $272.-75 per month commencing on October 1, 1960, until June 21, 1961, when the tractor was repossessed. This would seem to indicate that defendant was satisfied with his bargain for about six months. Moreover, there are indications that defendant had dealt with plaintiff before this incident and had made "numerous pur-

chases" from it. From all this we cannot say that the trial court erred in finding that a man who had bought numerous vehicles from plaintiff in the past and who adhered to his bargain for about six months could not have reasonably been mistaken and fraudulently deceived as to the year of the truck he had purchased. On the contrary the record only shows evidence of defendant's lack of diligence in the past and his one affidavit offers little indication of his meritorious defense for the future.

■ Our function in an appeal of this sort was stated very succinctly in Sarro v. Illinois Mut. Fire Ins. Co., 34 Ill App2d 270, 181 NE2d 187. The court there upheld the discretion of the trial judge in denying the motion to vacate and stated at page 273:

> "A Motion to set aside a judgment is addressed to the sound legal discretion of the court, the invocation of which must be preceded by an adequate showing, so far as the past is concerned, that there is a reasonable excuse for the delay, and, so far as the future, that a meritorious defense can be made. We review, of course, the exercise of that discretion, but in so doing, we cannot supplant it with our own. Our choice, had we been sitting on the motion, is beside the point. We will not interfere as we said in Busser 'unless there has been a palpable abuse of such discretion.' "

Accordingly, we find that the trial court did not err in denying defendant's petition to vacate the default judgment against him.

The order is affirmed.

Affirmed.

BURKE and FRIEND, JJ, concur.