**Julio Detres, Jr. by Angelia Detres, His Mother and Next Friend, Plaintiff-Appellant, v. Rogelio Fernandez Rojo, Defendant-Appellee.**

**Gen. No. 50,691.**

First District, First Division.

January 23, 1967.

Rehearing denied March 6, 1967.

Joseph M. Tobias, of Chicago, for appellant.

Kamin, Stanley, Burtker & Steinberg, of Chicago (Frank C. Stanley, Jr., of counsel), for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

The plaintiff, Julio Detres, Jr., appeals from an order vacating an ex parte judgment after a hearing upon a petition filed by the defendant, Rogelio Rojo, under section 72 of the Civil Practice Act.

The original complaint was filed on May 28, 1956, by Angelia Detres on behalf of her son, Julio Detres, Jr., alleging that when plaintiff was five months old he was taken by his mother to the office of Dr. Rojo, a physician, for routine examination and that as a direct and proximate result of Dr. Rojo's violation of an alleged duty of due care the plaintiff infant fell from an examination table and was injured, whereupon $25,000 was sought as damages. The defendant appeared by Kirkland, Fleming,

Green, Martin & Ellis, and on June 15, 1956, filed an answer denying the allegations and filed a counterclaim for $100 for services rendered. The counterclaim was stricken and an amended counterclaim was filed naming Angelia Detres as guardian ad litem for Julio Detres, Jr. Both parties filed and answered interrogatories and the defendant took an evidence deposition which was filed on February 6, 1957. The defendant's attorneys upon due notice withdrew as his counsel on September 27, 1962, and on February 17, 1964, a jury rendered a verdict on an ex parte hearing in the sum of $10,000, and judgment was entered on the verdict. On April 9, 1964, the judge entered a memorandum of judgment and on December 22, 1964, a citation was served on the First National Bank of Chicago.

On January 28, 1965, new counsel for defendant filed a petition under section 72 of the Civil Practice Act, Ill Rev Stats 1965, c 110, § 72, in which it was stated that the defendant had a good and meritorious defense in that he had never treated the child at all, but was treating the mother in another room when the grandmother, who had custody and was caring for the child, allowed the child to fall to the floor. It was further averred that the complaint was dismissed for want of prosecution on October 14, 1958, and reinstated; that on March 27, 1962, the defendant moved to dismiss for failure of plaintiff to answer interrogatories and on plaintiff's motion the dismissal was vacated; that by stipulation a third dismissal was vacated and that defendant's first notice of a judgment against him was when he was served with citation proceeding to discover assets on December 22, 1964.

The plaintiff moved for dismissal of the petition asserting that defendant had made no showing of diligence and pointed out that section 72 requires that not only must the party set forth a meritorious defense, but must also state facts indicating that he has exercised due diligence in preventing the entry of the ex parte judgment. At-

tached to this motion were copies of two letters addressed to the defendant by plaintiff's counsel, dated January 18, 1963, and September 30, 1963. The January letter reminded defendant that his attorneys had withdrawn from the case and that the writer was interested in settling the case, but that defendant had not returned his telephone calls. The letter went on to say, "If you fail to communicate with me, I can only presume that you choose to defend this case in whatever manner you please and my clients and I shall await trial of the case." In the September letter the defendant was informed that the writer had appeared in court and was directed by the judge to inform him that trial of the case was imminent and will be about four months away.

On February 11, 1965, a new firm of attorneys filed a Supplemental Petition to vacate judgment on behalf of defendant. It recited that the judgment was void because the complaint failed to state a cause of action; that the defendant had no notice of the judgment contrary to chapter 110, section 50.1 of the Illinois Revised Statutes, in that the Clerk of the Court failed to notify the defendant that a default judgment had been entered against him and that the defendant's first notice of the judgment was approximately eight months subsequent to its entry. Attached to the petition was a Supplemental Affidavit in support of the motion to vacate judgment. It recited that after examining the child he left the infant in the care of the grandmother and it was while he was in another room examining the mother that he was informed of the child's injury. He stated that he had paid his original attorneys $600 for legal fees and had been informed by them that there was little merit to the claim against him and he believed that the case would never go to trial because he was informed that the plaintiffs had returned to Puerto Rico and that he did not learn of the judgment until December of 1964. The plaintiff filed a general denial of the allegations of the sup-

41

plemental petition and a motion to strike the affidavit and defendant's motion to file supplemental exhibits including the deposition of a witness to the occurrence.

The matter was heard on May 26, 1965, and an order was entered vacating the judgment upon the payment of $350 which was tendered to and accepted by plaintiff's attorney in open court. Plaintiff appeals from the order vacating the judgment.

It is the plaintiff's contention that the defendant failed to allege or prove diligence as required under section 72 of the Civil Practice Act and it was therefore error for the court to vacate the judgment. He argues that section 72 is not intended to relieve a party of the consequences of his own negligence.

It is well settled in Illinois that a section 72 petition must adequately set forth sufficient facts to show a meritorious defense and due diligence, and that the trial court has discretion in allowing or denying the petition. See Till v. Kara, 22 Ill App2d 502, 161 NE2d 363. It is also well settled that since Ellman v. De Ruiter, 412 Ill 285, 106 NE2d 350, petitions under section 72, invoke the equitable power of the court, as justice and fairness require, to the end that one may not enforce a default judgment attended by unconscionable circumstances. See also Elfman v. Evanston Bus Co., 27 Ill2d 609, 190 NE 2d 348.

We note that Judge Gutknecht who presided when the matter was heard ex parte by a jury and who entered the judgment is the same judge who vacated the default judgment. The allegations in defendant's petitions, affidavits and deposition show a meritorious defense. The record is clear that the defendant diligently retained a prominent legal firm to defend him and paid $600 as a retainer fee, and the court file is replete with his demonstration of contesting plaintiff's claim. He caused depositions to be taken of witnesses and interrogatories were propounded and answered by the parties. On several

occasions the suit was dismissed. It was unfortunate for him that his counsel withdrew from the case and his failure to employ substitute counsel explains the reason for his not appearing in court when the case was reached for trial which occurred one and one-half years after his counsel withdrew. He also could have misinterpreted the letters he received from plaintiff's counsel as suggesting a settlement in the case which he undoubtedly refused to entertain.

The record also shows that although plaintiff's counsel knew that the defendant was seriously contesting the claim and that his counsel withdrew, he did not serve the defendant with an execution within thirty days after the entry of a default judgment, which would put him on notice of judgment. As stated in Dann v. Gumbiner, 29 Ill App2d 374, 382, 173 NE2d 525, where after an ex parte judgment service of an execution was delayed four months after term time, ". . . a cloud is cast upon the whole proceedings, which the court should consider when appraising the merits of the petition to vacate." The record is clear that when the defendant was informed of the judgment through a citation proceeding which occurred about six months after the default judgment was entered he promptly retained counsel and sought a day in court.

We are of the opinion that under these facts the court could find reasonable diligence and did not abuse its discretion in vacating the judgment and indeed properly permitted the defendant to have his day in court. Considering the view we have taken on the merits of the appeal, it is unnecessary to determine the motion of defendant to dismiss this appeal which we took with the case.

The order of the Circuit Court is therefore affirmed.

Judgment affirmed.

MURPHY, P. J. and ADESKO, J., concur.