**Earl Burkitt, Plaintiff-Appellant, v. John L. Downey, Defendant-Appellee.**

Gen. No. 68–55.

Third District.

November 22, 1968.

Rehearing denied December 26, 1968.

Jacob Cantlin and Donald E. Blodgett, of Rock Falls, for appellant.

Yalden, Ridings & Remensius, of Rockford, for appellee.

CULBERTSON, J.

■ Appeal has been prosecuted in this case from an order of the Circuit Court of Whiteside County which, pursuant to a petition filed under section 72 of the Civil Practice Act (Ill Rev Stats 1967, c 110, par 72), vacated a default judgment and gave defendant twenty days to answer a complaint filed in the original controversy. We have jurisdiction since, in a section 72 proceeding, such an order is considered to be final and appealable. Cowen v. Harding Hotel Co., 396 Ill 477, 480, 72 NE2d 177; Christian v. Smirinotis, 388 Ill 73, 57 NE2d 457. Cf. Williams v. Morton, 80 Ill App2d 442, 225 NE2d 671.

In the order of their occurrence, undisputed facts gleaned from the record show that on November 7, 1966, the plaintiff, Earl Burkitt, was a guest passenger in a 1966 automobile being driven along a rural section of Illinois Route 78 by the defendant, John L. Downey. The car left the road on a curve and struck a tree, and defendant reported to the investigating police officer that a tire had blown just as the car entered the curve. Plaintiff, it appears, suffered a broken collarbone. On June 15, 1967, an attorney wrote to defendant stating that he had been consulted by plaintiff concerning a claim for injuries arising out of the accident, and requesting defendant to come in to discuss the matter before any legal action was taken. Defendant immediately took the letter to his local insurance agent in Sterling, Illinois, and the latter, on June 21, 1967, forwarded it to the home office of the insurer together with a review of the facts surrounding the accident. Thereafter, on July 12, 1967, plaintiff filed a suit against defendant, and the latter was served with summons the following day at 5:30 p. m. The complaint alleged that defendant had "wilfully and wantonly started to strike the Plaintiff about the face and head and lost control of his car, ran off the road and struck a tree." On July 14, 1967, defendant took the com-

plaint and summons to his insurance agent and the latter forwarded them to the company together with a covering letter asking for prompt attention and for notification as to whether the company would defend the action.

On August 16, 1967, four days after the return date on the summons, plaintiff took a default against defendant for failure to appear and plead, presented evidence relating to damages, and was awarded a judgment of $4,000. The following day plaintiff's attorney wrote a letter to defendant advising him of the judgment and requesting that defendant, for a purpose of avoiding garnishment of his wages, come to the attorney's office to discuss settlement. The letter also informed defendant that the attorney would be on vacation and not available for discussion until after September 5, 1967. As had occurred in the prior instances, defendant took the letter to his insurance agent and the latter, on August 19, 1967, sent it to the insurer. It was not until September 22, 1967, more than thirty days after judgment, that the company retained an attorney in the matter. Thereafter, on September 26, 1967, defendant's attorney contacted plaintiff's counsel, and two days later the latter sent a letter to the former stating that plaintiff's doctor bill totalled $145 and his hospital bill $92.50.

Defendant's section 72 petition to vacate the default judgment was filed October 31, 1967. Among other things, it alleged that he had a meritorious defense to the original controversy; that he did not beat the plaintiff as alleged in the latter's complaint; that the blowout of a tire was the cause of the accident; that defendant had diligently turned over the complaint and summons to the insurer's agent; that the insurer had either failed to receive or had lost the summons and complaint; and that defendant, although his whereabouts were known to plaintiff, was not notified that plaintiff was going to take a default and offer proof. After a motion to strike the

petition had been denied, plaintiff filed an answer and at the hearing which followed defendant presented various letters as documentary support for his petition. Also presented was an affidavit of an officer of the insurer which acknowledged receipt of the complaint and summons, but stated that they had been misplaced, and that proper entries had not been made in its law ledger due to the fact the company had lost its experienced law ledger clerk and was, at the time in question, in the process of hiring and training new personnel. The trial court granted the petition and this appeal by the plaintiff has followed.

■ Since the inception of section 72 it has come to be well settled that a petition to set aside a default judgment must adequately set forth sufficient facts to show first, a meritorious defense, and second, due diligence on the part of the defaulted party. (Detres v. Rojo, 80 Ill App2d 38, 225 NE2d 100; Calvo v. Willson, 59 Ill App2d 399, 207 NE2d 496; Elmwood Ford Motors, Inc. v. Mardegan, 42 Ill App2d 342, 192 NE2d 445.) Equally well settled since the decision in Ellman v. DeRuiter, 412 Ill 285, 106 NE2d 350, is the concept that a section 72 petition "invokes the equitable powers of the court, as justice and fairness require, to the end that one may not enforce a default judgment attended by unfair, unjust or unconscionable circumstance." (Elfman v. Evanston Bus Co., 27 Ill2d 609, 613, 190 NE2d 348.) In short, as did the court in Stehman v. Reichhold Chemicals, Inc., 57 Ill App2d 40, 206 NE2d 299, we interpret the Elfman and Ellman decisions to mean that even though there may have been a lack of due diligence in presenting a defense, a default judgment may nonetheless be set aside if justice and good conscience requires it.

■ No issues are raised on appeal as to the matter of a meritorious defense, both the trial court and the plaintiff apparently being satisfied that such a defense was

shown, thus our consideration need be directed only to questions of due diligence and the exercise of equitable powers. In an oral opinion the trial court found that defendant had acted diligently and reasonably by turning over the summons, complaint and various items of correspondence to his insurer and, in vacating the judgment, expressly held that the apparent negligence of the insurer was not attributable to defendant. At the same time, the court expressly found that plaintiff had not been guilty of unfair or unconscionable conduct. And having made the latter finding, it is our opinion, based upon Chmielewski v. Marich, 2 Ill2d 568, 119 NE2d 247, that the trial court was plainly wrong when it permitted the insurer's inaction to serve as an excuse for defendant's failure to appear and plead in the action plaintiff brought against him. (See also: Colletti v. Schrieffer's Motor Service, Inc., 38 Ill App2d 128, 186 NE2d 659.) In Chmielewski the court considered a contention of a defaulted defendant that his section 72 petition should have been granted on the ground that the delivery of a summons to his insurance brokers constituted due diligence, notwithstanding the insurer's subsequent negligence in failing to defend. Rejecting this argument, the Supreme Court said: "This contention is without merit. His reliance on the insurance brokers is not a ground for relieving him of the consequence of the brokers' apparent failure to fulfill their undertaking. We are not, of course, concerned here with the rights of Frank Fara (the defaulted defendant), the brokers or the insurers as among themselves. The sole question is whether, as between Frank Fara and the plaintiff, Fara's failure to appear and make his defense was excusable. We hold that it was not." (2 Ill2d at 576, 577.) It is true, as was observed by the court in Stehman v. Reichhold Chemicals, Inc., 57 Ill App2d 40, 206 NE2d 299, that Chmielewski predates the apparent holding in Elfman v. Evanston Bus Co., 27

Ill2d 609, 190 NE2d 348, that even though there may have been a lack of due diligence, a default judgment may be set aside if equity so requires. But manifestly, the legal philosophy of Elfman can be permitted to prevail over the express holding in Chmielewski only if there are overriding equities which would cause it to be unjust and unreasonable for the default judgment to stand. (Cf. Mutual Nat. Bank of Chicago v. Kedzierski, 92 Ill App2d 456, 236 NE2d 336; Park Avenue Lumber & Supply Co. v. Nils A. Hofverberg, Inc., 76 Ill App2d 334, 222 NE2d 49.) In the present case, therefore, defendant's failure to appear and defend was not excusable, and the order vacating the judgment can be justified only if required by the equities of the situation.

As previously noted, the trial court found that plaintiff had not acted unfairly or unjustly and, upon the basis of decisional criteria, we are inclined to agree. Several cases have found unfairness where, prior to the precipitate entry of a default judgment, settlement had been discussed or there were other manifestations that a claim would be defended and such facts were concealed from the court. (E. g., Calvo v. Willson, 59 Ill App2d 399, 207 NE2d 496; Stehman v. Reichhold Chemicals, Inc., 57 Ill App2d 40, 206 NE2d 299; Boyle v. Veterans Hauling Line, 29 Ill App2d 235, 172 NE2d 512; Widicus v. Southwestern Electric Cooperative, Inc., 26 Ill App2d 102, 167 NE2d 799; Ellman v. DeRuiter, 412 Ill 285, 106 NE2d 350.) Nothing comparable existed or was concealed from the court in this case. So far as the record shows, neither plaintiff nor his attorney knew or had reason to believe that there was an insurer who could be expected to defend the case, and an offer to discuss the claim before suit was filed was ignored so far as the plaintiff and his counsel knew. Again, it has been held that a default judgment becomes tinged with unfairness when its entry is concealed by the successful party for a period in excess of

thirty days. (Detres v. Rojo, 80 Ill App2d 38, 225 NE2d 100; Dann v. Gumbiner, 29 Ill App2d 374, 173 NE2d 525; Jansma Transp., Inc. v. Torino Baking Co., 27 Ill App2d 347, 169 NE2d 829; Elfman v. Evanston Bus Co., 27 Ill2d 609, 190 NE2d 348.) But these decisions can have no persuasion in this case. The record shows that plaintiff's attorney informed defendant of the $4,000 judgment the day following its entry. Even then defendant chose to rely upon his insurer and it was not until some 75 days later that formal steps were taken to set the judgment aside. (Cf. Elmwood Ford Motors, Inc. v. Mardegan, 42 Ill App2d 342, 192 NE2d 445.) Further, in the Elfman case, a judgment of $10,000 was set aside because the section 72 petition showed that the plaintiff had inequitably imposed upon the court and the defendant by introducing evidence of damages unrelated to the accident. The petition in the present case makes no comparable claim and the oral opinion of the trial court has a finding that proper evidence of damages was received.

■ "The power to set aside a default and permit a defendant to have his day in court is based upon substantial principles of right and wrong and is to be exercised for the prevention of injury and furtherance of justice." (Spencer v. American United Cab Ass'n, 59 Ill App2d 165, at 172, 208 NE2d 118.) There is, however, a competing policy militating against the indiscriminate use of the power to vacate a judgment, which has been stated in Till v. Kara, 22 Ill App2d 502, at 511–512, 161 NE2d 363, in this manner:

"While the trend of judicial decision may be . . . to determine suits upon their merits and according to the substantive rights of the parties, when a party is sued and process duly issued and regularly served as provided by law and orderly procedure and practice is observed, a party must be governed by the law and rules of practice and must present his de-

fense if he desires to contest the demand of the plaintiff for judgment . . . . A motion of the kind here presented, seeking to set aside a final judgment of a court having jurisdiction of the parties and the subject matter, is one of serious import and if treated lightly, threatens the stability of our courts."

■ In light of all that is shown in the record, it is our opinion that the default judgment was not attended by unfair or unjust circumstances and that the competing policy must prevail in this case. Particularly is this true since, by the force of Chmielewski, we are not to be concerned with the rights of defendant and his insurer between themselves. Although the entry of a default and a prove-up of damages without notice four days after the return date may appear on the surface to be abnormally hasty, it cannot be said that plaintiff acted unconscionably or unfairly. Our Civil Practice Act authorized both the default and the prove-up at the time and in the manner in which they were accomplished by plaintiff. (See: Ill Rev Stats 1967, c 110, pars 50(4) and 71.) And, as we have said, there were no settlement negotiations, knowledge of an insurer, or the like which were concealed from the court, or which serve to render plaintiff's course an unconscionable one.

We are not unaware of the suggestion in Elfman (27 Ill2d 609, 614–615, 190 NE2d 348) that "basic fairness" might require at least informal notice to a defaulted defendant of the plaintiff's intention to prove up damages. In Elfman, however, settlement had been discussed and the plaintiff was aware that the defendant had legal counsel to defend the case. Here, by way of contrast, no such circumstances were present. Plaintiff's counsel wrote to defendant on June 15, 1967, inviting a discussion of plaintiff's claim but received no response. Summons was served on defendant on July 13, 1967, but

no appearance was made or answer filed within the 30-day period required. In all, some 64 days passed from the date of the letter until the date of the default and prove-up. At no time during this period were plaintiff or his counsel contacted by defendant or anyone acting in his behalf, or advised that the matter had been turned over to an insurer. Faced with this attitude of nonresponse and inaction, plaintiff and his counsel could reasonably have believed that the claim was being ignored. As we see it, it was not unfair or unjust for plaintiff to then proceed to judgment as the law permitted him to do.

Accordingly, and for the reasons stated, the order of the trial court vacating the default judgment is reversed.

Order reversed.

ALLOY, P. J. and STOUDER, J., concur.