Alexander Lumber Company, Plaintiff-Appellee, v. Ralph
Busboom, Defendant-Appellant.

Gen. No. 11,155.

Fourth District.

May 18, 1970.

 

Larry P. Cramer, of Urbana, for appellant.

Mathis, Turnbow & Mathis, of Rantoul, for appellee.

CRAVEN, P. J., delivered the opinion of the court.

Plaintiff filed a small claim complaint in October of 1968, seeking to recover $337.50 for lumber and sundry building material. Summons issued on that date. On November 6, 1968, a default judgment was entered against the defendant for the amount of the account. On December 30, 1968, a citation to discover assets was issued returnable January 15, 1969. The record contains an order of that date finding the defendant to have sufficient assets to pay the judgment and costs and ordering the same paid on or before January 20, 1969.

On January 20, 1969, the defendant filed a petition for relief under section 72 of the Civil Practice Act (Ill Rev Stats 1967, c 110, par 72), together with an affidavit in support thereof. In the affidavit it was alleged that on the date the matter was set for hearing he was engaged in "necessary" farm work and that on that date he called the magistrate who was presiding and requested a continuance, and that following the telephone conversation he was under the "mis-apprehension" that a continuance would be granted. Further, the affidavit asserted that the defendant was not indebted to the plaintiff and that another person named in the affidavit charged the goods or merchandise to the defendant without authority and that the person who in fact purchased the mer-

chandise made an effort to have the account transferred from the defendant's name to the name of the actual purchaser. Plaintiff filed a motion to strike and dismiss the petition asserting that the petition pleaded conclusions, not facts, and disputing the reasonable basis for the defendant to conclude that a continuance would be granted. On argument of counsel, and apparently without any further hearing, the trial court allowed the motion to strike and entered a further order that the defendant pay the judgment on or before February 26, 1969. He did and now appeals.

Initially, the plaintiff asserts the appeal should be dismissed as moot, asserting that a judgment that has been paid is moot, and cites in support thereof Massell v. Daley, 404 Ill 479, 89 NE2d 361, 13 ALR2d 1356 (1949); County of Cook v. Malysa, 39 Ill2d 376, 235 NE2d 598 (1968); and Buford v. Chief, Park Dist. Police, 18 Ill2d 265, 164 NE2d 57 (1960).

Our examination of these cited cases does not support the contention that the payment of a judgment precludes appeal. Rather, we view those cases as ones relating to peculiar fact circumstances, most involving voluntary payment without compulsion, leading to a conclusion of mootness of appeal. We understand the general rule to be that acts performed in obedience to an order of court do not operate as a release of error and that the payment of judgment under such circumstances does not render the matter moot on appeal. In Pinkstaff v. Pennsylvania R. Co., 31 Ill2d 518, 202 NE2d 512 (1964), Mr. Justice Underwood, speaking for a unanimous court, stated (at 523 (202 NE2d at 514)):

". . . In this, defendant has misconstrued the prevailing law in Illinois, for it is well established that the payment or satisfaction of a money judgment by

a judgment debtor does not bar the prosecution of a writ of error or an appeal by such judgment debtor. Richeson v. Ryan, 14 Ill 74 [56 Am Dec 493 (1852)]; Hatch v. Jacobson, 94 Ill 584 [1880]; Armstrong v. Douglas Park Building Ass'n, 176 Ill 298, 301 [52 NE 886 (1898)]; Lott v. Davis, 262 Ill 148 [104 NE 199 (1914)]; Jacksonville Hotel Building Corp. v. Dunlap Hotel Co., 350 Ill 451 [183 NE 397 (1932)]; First Nat. Bank of Jonesboro v. Road District No. 8, 389 Ill 156 [58 NE2d 884 (1945)]; Kars v. Knauf, 13 Ill App2d 219, 141 NE2d 410 [1st Dist 1957]."

■ Accordingly, we hold that the payment of the judgment is not a bar to this appeal nor does it make moot the issues on this appeal.

■■ We turn next to the issue presented by the petition under section 72 of the Civil Practice Act. Upon the filing of such a petition, the petitioner is required to establish his right to the relief sought either by competent evidence or by affidavits attached to the petition which frames the issue to be determined. Section 72, in substance, requires the petitioner to establish due diligence and the existence of a meritorious defense. Our examination of the petition and the matters set forth in the affidavit attached, together with the counteraffidavit attached to the motion, leads us to the conclusion that the trial court was in error in allowing the motion to strike. Although certain of the matters set forth in the petition and affidavit are in the form of a conclusion of the pleader, nevertheless, sufficient factual matter was set forth which, if true, would definitely establish the existence of a meritorious defense and, if true, would establish reasonable diligence on the part of the defendant.

345

 We further note that the record does not establish that the plaintiff notified the defendant of the default or took any action with reference to an execution until more than thirty days after the rendition of the judgment. This is a proper circumstance to be considered upon application to set aside the default. A section 72 proceeding invokes the equitable powers of the court, although it constitutes the filing of a new suit. It is, of course, an elementary rule of pleading that the plaintiff's motion to strike admitted as true all well-pleaded facts in the defendant's petition. Pierce v. Carpentier, 20 Ill2d 526, 169 NE2d 747 (1960). The ultimate question, therefore, is whether these well-pleaded facts constitute grounds to vacate the default judgment. Esczuk v. Chicago Transit Authority, 39 Ill2d 464, 236 NE2d 719 (1968). In A. C. Allyn & Co. v. Tager, 78 Ill App2d 228, 223 NE2d 405 (1st Dist 1966), the court noted that upon considering a petition to vacate and a motion to strike it, with contradictory affidavits, the court would have to hear evidence to pass upon the issues even to deny the motion to vacate the judgment. See also: Washington Mfg. Co. v. American Uniform Rental Co., 73 Ill App2d 49, 218 NE2d 499 (5th Dist 1966); Carlstedt v. Kaufman, 119 Ill App2d 322, 256 NE2d 146 (1st Dist 1970). The judgment of the Circuit Court of Champaign County is accordingly reversed and this cause is remanded to that court for further proceedings consistent with the views herein expressed.

Reversed and remanded with directions.

SMITH and TRAPP, JJ., concur.