AETNA CASUALTY & SURETY CO., Plaintiff-Appellant, *v.* CLARA SANDERS, Defendant-Appellee.

(No. 57188;

First District (5th Division)—October 19, 1973.

Murphy and Lally, of Chicago, for appellant.

Julius Lucius Echeles and Carolyn Jaffe, both of Chicago, for appellee.

Mr. JUSTICE SULLIVAN delivered the second opinion * of the court:

Plaintiff appeals from an order vacating an ex parte judgment against defendant.

Involved here is a subrogation suit filed on June 25, 1971 wherein the sheriff's return shows personal service of summons on defendant on July 8, 1971. Defendant failed to appear or otherwise respond to the summons and on August 23, 1971 an ex parte judgment in the amount of $2,500 was entered against her. Plaintiff mailed notice of this judgment to the

---

\* After this matter was argued fully here, an earlier opinion was filed dismissing the appeal. Subsequently, by order of the trial court, the record was corrected and we granted leave to use the briefs and abstracts already on file and will reconsider the appeal.

Secretary of State who notified defendant, by letter dated September 24, 1971, of the judgment pending against her. On October 19, 1971 defendant filed a petition for relief under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 72), alleging that:

1. she was never personally served with summons,
2. she had no knowledge of the lawsuit until she received the letter from the Secretary of State, and
3. she had a meritorious and legal defense in that she was not responsible for the injuries to plaintiff's subrogor.

On January 13, 1972 an order was entered which (1) upheld the service of summons, and (2) vacated the ex parte judgment entered against defendant. From that order plaintiff appeals contending that the section 72 petition and supporting affidavit were insufficient because they failed (1) to allege a meritorious defense, and (2) to show diligence.

*OPINION*

I

■■■ Plaintiff first contends that defendant was properly served with summons and, initially, we observe that a section 72 petition is a proper method of questioning a sheriff's return. (*Cox v. General Motors Corp.*, 132 Ill.App.2d 209, 267 N.E.2d 513.) It is settled that a sheriff's return on a summons is *prima facie* proof of a proper service which can only be overcome by clear and convincing proof. (*Robinwoods West, Inc. v. Kramer*, 128 Ill.App.2d 49, 262 N.E.2d 332.) and that we are required to indulge every presumption in favor of the sheriff's return. *Pyle v. Groth*, 15 Ill.App.2d 361, 146 N.E.2d 219.

Defendant, in the petition and in her supporting affidavit, alleges that she was never personally served with process. In her petition she states "summons was returned as personally served  *  *  *  Defendant was not personally served.'" In the affidavit she states "at no time was I personally served with summons indicating the commencement of the above suit." She made no other allegation, by petition or affidavit in support of this contention, and the record discloses no corroboration of her statement that she was not personally served.

Defendant contends that the sheriff's return was rebutted by her affidavit of non-service. In effect, she argues that, in the face of the bare return unsupported by the testimony of the Sheriff or other witnesses, the trial court should have found that her affidavit constituted clear and convincing proof sufficient to rebut the return. She relies on two cases, *Isaacs v. Shoreland Hotel*, 40 Ill.App.2d 108, 188 N.E.2d 776 and *Schnable v. Tuma*, 351 Ill.App. 486, 115 N.E.2d 574. In *Isaacs*, the affidavit and testimony of the sheriff stated he left the summons with an

unidentified female employee in the hotel auditor's office to be delivered to the auditor who, supported by the testimony of the female employees of his office, denied receipt of the summons. The sheriff testified the employee did not give her name and he put the name of "Miss Reed" on his return because that was the auditor's name. It was held that the return was rebutted by clear and convincing evidence. In *Schnable*, the deputy sheriff could not remember personally serving defendant who denied he was in his store on the date of service allegedly made there and his pharmacist also testified defendant was not in the store that day and they were the only persons who worked in the store. The court held this to be clear and convincing evidence which rebutted the return.

■■ In *Marnik v. Cusack*, 317 Ill. 362, 364, 148 N.E. 43, it was said:

"The stability of judicial proceedings, however, requires that the return of an officer made in the due course of his official duty and under the sanction of his official oath should not be set aside merely upon the uncorroborated testimony of the person on whom the process has been served but only upon clear and satisfactory evidence."

Here, there is no testimony corroborative of the statement of defendant in her affidavit (a statement not subject to cross-examination) that she was not served with summons and we believe that this statement standing alone was insufficient to contradict the sheriff's return and, accordingly, we affirm that part of the trial court's judgment upholding the service of summons.

## II

We turn now to the contention of plaintiff that the section 72 petition and supporting affidavit were insufficient because they failed to properly allege a good and meritorious defense.

■■ Since the inception of section 72 it has become well settled that a petition to set aside a default judgment must adequately set forth sufficient facts to show first, due diligence on the part of the defaulted party, and second, a meritorious defense. (*Mutual National Bank of Chicago v. Kedzierski*, 92 Ill.App.2d 456, 236 N.E.2d 336; *Detres v. Rojo*, 80 Ill.App.2d 38, 225 N.E.2d 100; *Calvo v. Willson*, 59 Ill.App.2d 399, 207 N.E.2d 496.) Equally well settled since the decision in *Ellman v. De Ruiter*, 412 Ill. 285, 106 N.E.2d 350, is the concept that a section 72 petition "invokes the equitable powers of the court, as justice and fairness require, to the end that one may not enforce a default judgment attended by unfair, unjust or unconscionable circumstances." *Elfman v. Evanston Bus Co.*, 27 Ill.2d 609, 613, 190 N.E.2d 348.

Having upheld the service of summons, the trial judge here, in order

to vacate the judgment, must necessarily have found that defendant's petition adequately alleged that she had exercised due diligence and that she had a good and meritorious defense.

The petition states "defendant has a meritorious and legal defense in that she was not responsible for the injuries, if any, sustained by plaintiff's subrogor" and in her affidavit she states "I had a legal and meritorious defense to the above suit in that I was not responsible for injuries, if any, sustained by the plaintiff's subrogor."

In *Keel v. Kostka*, 106 Ill.App.2d 172, 245 N.E.2d 607, relied upon by defendant, it was held that there was a sufficient showing of a good defense. The complaint there contained only a bare allegation that plaintiff had performed labor and furnished materials and the court concluded that in view of the lack of detail in the complaint defendant sufficiently alleged a defense by his allegation "in that the work allegedly done by the plaintiff was not in fact done in any part."

Plaintiff's complaint there, contrary to that in *Keel*, made specific allegations that its subrogor was a pedestrian in the exercise of due care and caution. It also charged defendant with the duty of exercising ordinary care and contained allegations that she operated her car negligently and at an excessive speed. It also charged her with failing to give warning signals, to keep a proper lookout and to properly control the vehicle. In addition, it charged that subrogor was injured as a result of this conduct and that plaintiff paid monies to its subrogor because it had issued a policy to him with uninsured motorist coverage. In the face of these charges defendant merely states that she was not responsible for the injuries.

Defendant, in support of her position in this court, also cites *Alexander Lumber Co. v. Busboom*, 122 Ill.App.2d 342, 259 N.E.2d 76, which we believe is authority contrary thereto because facts were pleaded. In *Alexander*, the defendant asserted he was not indebted to plaintiff because another person he named had charged goods without defendant's authority and even the purchaser had attempted to have the charges changed to his name. The court, in reversing the trial judge's refusal to vacate, stated at page 345:

> "Although certain of the matters set forth in the petition and affidavit are in the form of a conclusion of the pleader, nevertheless, sufficient factual matter was set forth, which if true, would definitely establish the existence of a meritorious defense * * *."

■■ The decisions are numerous holding that the grounds and facts upon which the merits of the defense arise must be stated so that the court will be able to judge the merits of such defense. (*Whalen v. Twin City Barge and Gravel Co.*, 280 Ill.App. 596; *Lamoreaux v. Havranek*,

25 Ill.App.2d 51, 165 N.E.2d 547; *Sarro v. Illinois Mutual Fire Ins. Co.*, 34 Ill.App.2d 270, 181 N.E.2d 187.) See also, *Grizzard v. Matthew Chevrolet*, 39 Ill.App.2d 9, 188 N.E.2d 59, where the trial court granted a section 72 petition to vacate a default judgment and the appellate court reversed stating at page 15:

> "[T]he defendant's entire position is contained in the affidavit in support of its petition to vacate the judgment  *  *  *. The only reference therein pertaining to a defense are the words that 'said automobile was, in fact, free from the defects set forth in the alleged allegations of the Complaint, and plaintiff at no time complained to this petitioner about any apparent or latent defects in said automobile.'"

And at p. 16:

> "Clearly, the affidavit alleges no facts suggesting that a valid defense existed  *  *  *. The statements in the affidavit are mere conclusions."

■■ In view of the foregoing we believe the allegation of defendant that she "was not responsible for the injuries" is nonfactual and a conclusion of the pleader. We conclude that there was an insufficient showing of a good and meritorious defense.

### III

Plaintiff also contends the section 72 petition failed to show defendant exercised due diligence.

We note the only proof thereof is contained in defendant's affidavit where she stated her first knowledge of the judgment came from the Secretary of State's letter and it does appear that she acted diligently thereafter. However, no facts have been provided justifying her failure to appear or otherwise respond to the summons. In *Bennett v. Gollant*, 127 Ill.App.2d 224, 262 N.E.2d 34, the court said at page 231:

> "Taking into consideration the premise of proper service, we are unable to see upon what ground the judgment could have been vacated. The defendant was properly served, and no excuse was offered for having failed to respond to the summons."

■■ Here the service having been sustained by the trial judge and there being no excuse for failure to respond to the summons, a showing of due diligence was not established and thus the vacation of the judgment can be sustained only if required by the equities of the situation. *Stehman v. Reichhold Chemicals, Inc.*, 57 Ill.App.2d 40, 206 N.E.2d 299.

The opinion in *Keel*, relied upon by the defendant on the question of her diligence, is not persuasive. It is significant that the court there found

a good and meritorious defense was stated but, because defendant was never served with execution and acted promptly after being notified of garnishment proceedings, the *Keel* court exercised its equitable power and vacated the judgment in order to prevent injustice.

■■ Here we have found that defendant did not set forth a good and meritorious defense. Also, we note that summons was served on July 8, 1971 and, in an affidavit of record, plaintiff's attorney states that on August 16, 1971 he mailed a notice of motion to defendant informing her that he would move for judgment in the amount of $2,500 before Judge Hermes on August 23, 1971. After judgment was entered on that date plaintiff's attorney notified the Secretary of State of the judgment by letter of August 24, 1971, following which, on September 24, 1971, the Secretary of State by letter notified defendant of the judgment. The same mailing address was used by both the Secretary of State and plaintiff's attorney in their letters to defendant. It appears from these letters and from our further examination of the record that the judgment was not attended by any unfairness or injustice, nor had the defendant pointed out any such inequities.

Accordingly, in view of the foregoing, we believe that the trial court abused its discretion in vacating the judgment herein and we, therefore, reverse the order of vacatur.

Reversed.

DRUCKER, P. J., and ENGLISH, J., concur.