NORA HUNT, Plaintiff-Appellee, *v.* GENERAL IMPROVEMENTS, INC., Defendant-Appellant.—(Q. S., INC., Defendant.)

Fourth District    No. 13782

Opinion filed May 9, 1977.

McConnell, Kennedy, Quinn & Morris, of Peoria, for appellant.

Moody & Diamond, of Decatur, for appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:

Defendant appeals the denial of a section 72 (Ill. Rev. Stat. 1975, ch. 110, par. 72) petition to vacate a default judgment in the amount of $293.61 plus costs.

On July 19, 1975, the automobile of plaintiff Nora Hunt was damaged as she was driving on a street where sewer construction work was being performed by defendant General Improvements, Inc. Plaintiff contacted defendant and defendant's insurer seeking reimbursement for the damage. Plaintiff's claim was denied by the insurer, and on October 3, 1975, she filed a small claim complaint for property damage of $293.61 and costs. Service of the summons and complaint was effected on defendant by certified mail on October 6, 1975. The summons required defendant to appear in court on November 3, 1975, at 1:30 p.m. Defendant failed to appear and the court entered an order of default. On November 21, 1975, plaintiff filed an affidavit of claim with the court and judgment was entered for $293.61 and costs. On January 6, 1976, plaintiff's attorney contacted defendant's insurer regarding payment of the default judgment.

On February 6, 1976, defendant filed a section 72 petition to set aside the default judgment. The petition alleged that the complaint and summons were inadvertently mislaid in the office of defendant and not forwarded to defendant's insurer, that defendant was not notified of the default judgment until January 6, 1976, when plaintiff's attorney contacted defendant's insurer about payment of the judgment, and that defendant had a meritorious defense to the claim in that the damage to plaintiff's automobile was caused by flash flooding and not by any act or omission on the part of defendant. Plaintiff filed objections to the petition which did not deny any of defendant's allegations but contended that defendant had not alleged any facts which would excuse its neglect in failing to appear and that such neglect was not a sufficient reason for setting aside the judgment.

Although defendant did not file any supporting affidavits, at the hearing on the petition defendant presented testimony of James McQueen, vice-president of defendant, concerning the circumstances of defendant's failure to appear. McQueen testified that defendant's office manager showed him the summons and complaint when they were received. The papers were then posted on a bulletin board next to the manager's desk. The manager notified defendant's insurer that defendant had been served with the complaint and summons, but the papers were never forwarded to the insurer. After that McQueen and the others in defendant's office thought that the insurer was taking care of the matter and forgot about it.

After hearing the evidence and arguments of counsel, the trial court denied the section 72 petition, finding that defendant had not exercised due diligence in defending the suit and that justice and fairness did not require vacation of the judgment.

On appeal defendant contends that justice and fairness require that the judgment be set aside because plaintiff did not notify defendant of the judgment for more than 30 days after the judgment was entered.

■■ Since the decision in *Ellman v. De Ruiter* (1952), 412 Ill. 285, 106 N.E.2d 350, it has been recognized that a section 72 petition to vacate a default judgment "invokes the equitable powers of the court, as justice and fairness require, to the end that one may ·not enforce a default judgment attended by unfair, unjust or unconscionable circumstances." (*Elfman v. Evanston Bus Co.* (1963), 27 Ill. 2d 609, 613, 190 N.E.2d 348, 350.) Thus, while it is well settled that a section 72 petition to vacate a default judgment should allege sufficient facts to show a meritorious defense and due diligence in attempting to present the defense to the trial court, it is equally well settled that justice and fairness may require that a judgment be vacated even though there may have been a lack of due diligence. (*George F. Mueller & Sons, Inc. v. Ostrowski* (1974), 19 Ill. App. 3d 973, 313 N.E.2d 684; *Burkitt v. Downey* (1968), 102 Ill. App. 2d 373, 242 N.E.2d 901.) The petition is addressed to the sound discretion of the court, and it is only when there is an abuse of discretion that a reviewing court will interfere. *Dann v. Gumbiner* (1961), 29 Ill. App. 2d 374, 173 N.E.2d 525.

.■■ Since in the instant case plaintiff does not deny that defendant had a meritorious defense which could have been considered by the trial court if timely presented, we need consider only the questions of due diligence and the exercise of equitable powers. In our opinion the trial court was correct in finding that defendant had not shown due diligence in defending the suit. In *Chmielewski v. Marich* (1954), 2 Ill. 2d 568, 119 N.E.2d 247, a decision which predates *Elfman*, the supreme court held that defendants' failure to appear and defend was not excusable even though defendants had immediately given the summons to their insurance brokers, who had advised defendants that they would take care of the matter. In *Dann v. Gumbiner* (1961), 29 Ill. App. 2d 374, 173 N.E.2d 525, a First District case which was also decided before *Elfman*, without mentioning *Chmielewski*, the court concluded that there had been due diligence where defendant immediately sent the summons to his insurance broker, twice verified its receipt, received assurances that the matter would be taken care of, and the summons was apparently lost in the mail while being sent from the broker to the insurer. More recently, in *Burkitt* the Third District concluded that even after *Elfman*, *Chmielewski* is still controlling in determining due diligence where the

question is whether a defendant's failure to appear is excused by his reliance on his insurer. In *Burkitt* the court determined that there was a lack of due diligence where the summons and complaint had immediately been forwarded to the insurer, but they were misplaced in the insurer's office.

■■ In the instant case, unlike *Chmielewski, Dann,* or *Burkitt,* defendant's officers did not give the summons or complaint to the insurer but apparently only telephoned the insurer's office and told someone there about the papers that had been received. No further inquiries were made by defendant's officers to determine whether any action was being taken by the insurer. Thus, while the insurer may have been negligent in failing to proceed with the defense of the claim, defendant's officers were also negligent in their handling of the matter. Under these circumstances defendant's failure to appear and defend was not excusable.

This leaves for consideration the question of whether, despite defendant's lack of due diligence, justice and fairness require that the default judgment be vacated. Defendant contends that the default judgment was attended by unfair circumstances in that plaintiff did not notify defendant of the default judgment for more than 30 days after the judgment was entered. In *Elfman,* the court cited with favor statements from *Jansma Transport, Inc. v. Torino Baking Co.* (1960), 27 Ill. App. 2d 317, 169 N.E.2d 829, and *Dann* that, while not completely controlling or conclusive, the conduct of a plaintiff in delaying execution until after 30 days from judgment have expired "cast[s] a cloud on the proceedings." (27 Ill. 2d 609, 614, 190 N.E.2d 348, 351.) In *Alexander Lumber Co. v. Busboom* (1970), 122 Ill. App. 2d 342, 259 N.E.2d 76, in remanding a section 72 petition to the trial court for an evidentiary hearing, this court noted that the failure of the plaintiff to notify defendant of the default for more than 30 days after judgment was a circumstance to be considered in determining whether the judgment should be set aside. However, *Jansma, Dann, Elfman,* and cases decided since *Elfman* which have considered the circumstance of plaintiff's failure to notify defendant of a default judgment within 30 days, have all involved additional circumstances which would impel the conclusion that plaintiff would gain an unconscionable advantage if the judgment were not vacated. In *Jansma,* during the period between the filing of suit and the entry of the default judgment, plaintiffs carried on constant settlement negotiations with defendants in a related suit. In *Dann* plaintiff expressly directed her counsel not to notify defendant or his insurance company (with whom she was negotiating) of the default judgment. In *Elfman* there was evidence that at an *ex parte* hearing on damages plaintiff had introduced medical expenses which had no connection to the injury claimed. In *Stehman v. Reichhold Chemicals, Inc.* (1965), 57 Ill. App. 2d 40, 206 N.E.2d 299,

plaintiff waited two years after filing suit to obtain a default judgment. In *Mueller* defendant had appeared on several prior occasions at which plaintiff had been granted continuances and plaintiff's counsel did not follow the customary procedure in Cook County of notifying opposing counsel before obtaining a default judgment. In *Gary Acceptance Corp. v. Napilillo* (1967), 86 Ill. App. 2d 257, 230 N.E.2d 73, plaintiff obtained a default judgment in a detinue action brought after defendant was discharged in bankruptcy.

■■ In the instant case there are no other circumstances which point to unfair or unconscionable conduct on the part of plaintiff. No evidence has been presented to indicate that plaintiff either lulled defendant into believing that the case was proceeding normally while in the meantime obtaining a default judgment or that the damages awarded in the default judgment were excessive. We therefore conclude that the trial court properly found that equitable principles do not require the judgment to be vacated and that there was no abuse of discretion in denying defendant's petition to vacate.

Accordingly, the judgment of the circuit court of Macon County is affirmed.

Affirmed.

CRAVEN, P. J., and HUNT, J., concur.