JAMES NORVELL, Plaintiff-Appellant, *v.* OTIS HOWARD, JR., Defendant-Appellee.

First District (5th Division)   No. 78-1131

Opinion filed May 25, 1979.

Allen G. Wilsey, of Chicago, for appellant.

Robert E. Zeitner, of Chicago, for appellee.

Mr. JUSTICE MEJDA delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook County which vacated an ex parte judgment that had been entered against defendant. The issues on appeal are: (1) whether the sufficiency of defendant's petition, which was filed pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72), may be challenged on appeal although plaintiff filed no responsive pleading or motion to strike in the trial court; and (2) whether defendant's section 72 petition is sufficient to sustain the order vacating the ex parte judgment. We reverse.

The parties were involved in an automobile accident on June 21, 1977. Plaintiff filed a complaint seeking $10,000 damages, but defendant neither answered nor appeared, and an ex parte judgment of $5000 was entered against him on September 27, 1977. Defendant filed a motion to vacate which was set for hearing on October 18, 1977. Defendant's attorney did not appear, however, and the hearing was rescheduled for November 3, 1977. Again, defendant's attorney did not appear and the motion was dismissed. On November 17, 1977, defendant filed a second motion to vacate the judgment. Upon being informed that 30 days had passed since the entry of the judgment and that the proper procedure at that point was under section 72, defendant withdrew the motion.

Defendant filed his section 72 petition and affidavit on April 7, 1978. The petition alleged that defendant had exercised due diligence by promptly sending all correspondence regarding the case to his attorney. Defendant also alleged that he had a meritorious defense in that plaintiff had contributed to the cause of the accident. The affidavit, signed by defendant's attorney, stated that his firm had been requested to represent defendant shortly after September 7, 1977, and that he had exercised due diligence in proceeding to vacate the judgment. An order containing no findings of fact or conclusions of law was entered, granting the section 72 petition, vacating the ex parte judgment and returning the cause to the trial calendar. Defendant was granted leave to file his appearance and answer, and plaintiff appealed.

OPINION

■■ Defendant first contends that plaintiff has waived his opportunity to challenge the defendant's section 72 petition because plaintiff filed no answer or motion to dismiss in response to the petition. The failure to respond to a section 72 petition does not necessarily bar a party from

challenging the petition on review. On the contrary, a section 72 petition may be challenged at any time, including on review, on the grounds that it has totally failed to state a claim upon which relief can be granted, the absence of a responsive pleading notwithstanding. (*M. L. C. Corp. v. Pallas* (1978), 59 Ill. App. 3d 504, 375 N.E.2d 560; *De Jarnett v. Roseborough* (1968), 94 Ill. App. 2d 164, 236 N.E.2d 276.) Plaintiff's challenge is precisely upon that basis and consequently has not been waived. However, because there has been nothing filed in response to the petition, the scope of this review is limited to whether the petition itself fails to show that defendant is entitled to relief. (*M. L. C. Corp. v. Pallas*; *Carroll & Neiman, Inc. v. Silverman* (1975), 28 Ill. App. 3d 289, 328 N.E.2d 205.) Furthermore, because all facts properly alleged in defendant's petition and affidavit are uncontradicted, they must be taken as true for the purpose of making that determination. *Windmon v. Banks* (1975), 31 Ill. App. 3d 870, 335 N.E.2d 116.

A section 72 petition should contain allegations of fact which show both a meritorious defense and due diligence in presenting that defense to the trial court. (*Aetna Casualty & Surety Co. v. Sanders* (1973), 15 Ill. App. 3d 573, 305 N.E.2d 25; *Esczuk v. Chicago Transit Authority* (1968), 39 Ill. 2d 464, 236 N.E.2d 719.) Plaintiff contends that defendant's petition was insufficient in both regards.

Defendant's petition alleges that he has a meritorious defense "in that the plaintiff contributed to the cause of this accident." In *Aetna Casualty & Surety Co. v. Sanders*, the defendant's section 72 petition alleged that " 'defendant has a meritorious and legal defense in that she was not responsible for the injuries, if any, sustained by plaintiff's subrogor.' " (15 Ill. App. 3d 573, 577, 305 N.E.2d 25, 27.) This court found the allegations therein to be "nonfactual and a conclusion of the pleader" (15 Ill. App. 3d 573, 578, 305 N.E.2d 25, 28) and therefore insufficient to show a good and meritorious defense. More recently, in *Chase v. Cunningham* (1978), 64 Ill. App. 3d 54, 381 N.E.2d 27, an allegation that " 'the accident * * * was caused by plaintiff's car backing into the car driven by [defendant]' " was found to be a sufficient plea of ultimate facts constituting a meritorious defense. 64 Ill. App. 3d 54, 58, 381 N.E.2d 27, 31-32.

Defendant's allegation in the instant case more closely approximates that in *Aetna Casualty & Surety Co. v. Sanders*. In *Chase v. Cunningham* the petition alleged the manner in which defendant claimed plaintiff was negligent and no such allegations appear here. Nor does *Lammert v. Lammert Industries, Inc.* (1977), 46 Ill. App. 3d 667, 360 N.E.2d 1355, cited by defendant, provide any support for his position, for it also contained factual allegations of a meritorious defense amid the conclusory statements that were pleaded.

Defendant's allegations of due diligence are contained both in his

petition and the supporting affidavit. The petition alleges due diligence by defendant in that he promptly sent all correspondence concerning the matter to his attorney. His attorney, in his affidavit, states that he "has exercised due diligence in preceeding [*sic*] to vacate the ex-parte judgment." We find, however, that the only facts contained in the petition and affidavit negate the existence of due diligence.

Defendant received notice of the suit on August 17, 1977, and forwarded the summons and complaint to a law firm which passed the case on to another firm around September 7, 1977. No appearance or answer was filed and the ex parte judgment against defendant was entered on September 27, 1977. The certified report of proceedings indicates that defendant and his attorney knew of the judgment because a motion to vacate was filed and set for hearing on October 18, 1977. Defendant's attorney failed to appear and the motion was continued to November 3, 1977. When defendant's attorney again did not appear, the motion was dismissed. On November 17, 1977, defendant filed another motion to vacate which was withdrawn when the court informed defendant of the section 72 requirements. The section 72 petition was not filed until April 7, 1978, nearly five months later.

In *Kohler v. Sears, Roebuck & Co.* (1977), 56 Ill. App. 3d 157, 371 N.E.2d 1044, the court held that there was no showing of diligence where attempts to vacate the dismissal of plaintiff's complaints were continued over a period of several months when no attorney was present to represent the petitioners at hearings on their petitions. Although the *Kohler* case ultimately extended over a longer period of time than has the instant case, the pattern here is similar in that defendant here was aware that the case was pending against him and his attorneys both knew of the progress of the case and were told of how to proceed to enable defendant to present his defense. Moreover, the petition in *Kohler* also contained allegations of facts which attempted to explain the cause of the delay in pursuing the case, facts which are entirely lacking in defendant's petition.

In *Campbell v. Kaczmarek* (1976), 39 Ill. App. 3d 465, 350 N.E.2d 97, where the petitioner had not established a meritorious defense as to one of the counts pleaded against her and had alleged that she had been diligent in bringing her papers to her attorney and relying on him to handle the case, the court held that section 72 relief should not have been granted. The court further stated that a section 72 petition is not intended to protect a party from the consequences of his own negligence or the negligence of his attorney. 39 Ill. App. 3d 465, 470, 350 N.E.2d 97, 101.

Both parties have cited *Collins v. Prestige Casualty Co.* (1977), 54 Ill. App. 3d 762, 370 N.E.2d 103, a case involving a similar situation in which the trial court had twice ordered the defendant to file its section 72 petition and ultimately found a lack of due diligence which was affirmed

on appeal. Defendant maintains that the instant case is distinguishable from *Collins* in that the trial court implicitly found that there was diligence by virtue of the granting of relief to defendant. We fail to see the logic in this contention, because the mere fact that a judgment has been entered does not of itself conclusively establish that the basis for the judgment is sound. We find that the allegations of due diligence in defendant's petition and the supporting affidavit are conclusory, and when examined in the context of the undisputed facts they contain, fail to show diligence either in proceeding to defend on the merits or in pursuing section 72 relief.

■■ Defendant contends, nonetheless, that diligence is not always necessary to support a section 72 petition and that a default judgment may be set aside if required by "justice and good conscience," citing *Burkitt v. Downey* (3d Dist. 1968), 102 Ill. App. 2d 373, 377, 242 N.E.2d 901, 903, and cases therein. However, exceptions to the requirement of due diligence lie "[w]hen it is clear from all the circumstances that a party has procured an unconscionable advantage through the extraordinary use of a court process." (*Gary Acceptance Corp. v. Napilillo* (1967), 86 Ill. App. 2d 257, 262, 230 N.E.2d 73, 76.) Defendant has not attempted to make any such showing.

■■ For the foregoing reasons, we conclude that defendant's section 72 petition was insufficient as a matter of law because it pleaded neither a meritorious defense nor due diligence. The decision of the trial court to grant section 72 relief will not be overturned unless it has abused its discretion. (*George F. Mueller & Sons, Inc. v. Ostrowski* (1974), 19 Ill. App. 3d 973, 313 N.E.2d 684.) We find that the trial court in the instant case abused its discretion by granting defendant's request for relief when there was no basis for it as a matter of law. (See, *e.g., Goldman v. Checker Taxi Co.* (1967), 84 Ill. App. 2d 318, 228 N.E.2d 177.) Accordingly, the order vacating the judgment against defendant is reversed, and the judgment is reinstated.

Order reversed; judgment reinstated.

SULLIVAN, P. J., and LORENZ, J., concur.