David Heilig, Appellee, v. Continental Casualty
Company, Appellant.

Gen. No. 37,895.

Heard in the first division of this
court for the first district at the December term, 1934. ▮▮▮▮ Opin-
ion filed April 15, 1935. Rehearing denied April 29, 1935.

GEORGE C. BLISS, of Chicago, for appellant.

AARON SOBLE, of Chicago, for appellee; IRVING GOOD-
MAN, of Chicago, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opin-
ion of the court.

Plaintiff brought suit against defendant to recover
$1,500, which he claims is an obligation incurred by
him in employing an attorney to secure the vacation

of a judgment of $3,500 entered against plaintiff in a personal injury case, on the ground that it was defendant's duty to perform such services. There was a trial before the court without a jury and a finding and judgment in plaintiff's favor for $418.50, and defendant appeals.

The record discloses that defendant, Continental Casualty Company, a corporation, issued its policy of insurance to plaintiff covering plaintiff's automobile; that while the policy was in force and effect the automobile, driven by a person other than plaintiff, was claimed to have struck and injured Kate Levitt. She brought suit against Heilig for personal injuries and obtained a default judgment against him for $3,500. After the term of court at which the judgment was entered had passed, payment of the judgment was demanded under an execution. Heilig immediately notified defendant insurance company, claiming he had not been served by summons and had no notice of the suit until the execution was served. Defendant refused to pay the judgment on the ground that it was not liable under its policy because the summons in the personal injury case had not been turned over to it, as the policy provided, and it had no notice that the suit had been brought until the day after the execution had been served on Heilig.

Afterward Heilig employed counsel to file a bill to set aside the judgment and the purported service of process on him in the personal injury case. That suit was heard and a decree entered finding that no service had been had on Heilig in the personal injury case, the judgment was vacated and set aside, the service quashed, and a new summons was ordered to issue against Heilig in the personal injury case.

Plaintiff brought the instant suit to recover the $1,500 for attorney's fees incurred by him in the chancery suit.

The pertinent conditions of the policy were, "This insurance is subject to the following conditions and failure on the part of the Assured to comply therewith shall forfeit the right of the Assured. . . .

"(2) Notice, Claims and Suits. The Assured shall give to the Company or to its authorized agent immediate written notice of any accident covered hereby and shall also give like notice of claims for damages on account of such accidents. If any suit is brought against Assured to recover such damages the Assured shall immediately deliver to the Company or to its authorized agent every summons or other process served upon him. The Company shall have the exclusive right to contest or settle any of said suits or claims."

In his brief counsel for defendant discusses the evidence in great detail and points out *inter alia* the inconsistencies and contradictions of the testimony of certain witnesses called by plaintiff, all of which we think is immaterial, unnecessary, and of no assistance to the court because the trial judge made certain findings of fact, and there is no contention or suggestion by counsel for either side that such findings were not warranted by the evidence. On the contrary, counsel for both parties take the position that the findings are established by the evidence.

The findings of fact are (1) that plaintiff's wife did not turn over the summons in the personal injury suit to any representative of the defendant, (2) that the defendant did not have any knowledge that the personal injury suit had been brought until after the term had passed at which the judgment was entered, and (3) that plaintiff did not at any time give any notice to any representative of the defendant of the pendency of the personal injury suit until after the execution was served on Heilig.

Defendant contends that plaintiff did not prove the allegations of his statement of claim to the effect that the summons in the personal injury case was served upon plaintiff's wife and given by her to defendant's agent, and therefore the judgment cannot stand. So far as we are advised from a reading of the briefs and an examination of the abstract, this point was not brought to the attention of the trial court, and defendant ought not therefore be permitted to raise the point for the first time in this court unless the law clearly warrants his doing so. As a general proposition, a court of review passes only on errors claimed to have been committed by the trial court, and obviously if the matters complained of were not brought to the attention of the trial judge, they ought not be available on review. But counsel for defendant say that it is an elementary rule of law that "the case stated in the declaration or statement of claim" must be proved as alleged, and if not so proved plaintiff must fail. In support of this counsel cite four cases, all of which sustain his contention, but each of these cases was in the circuit, superior or county court where the method of pleading is different from that in effect in the municipal court of Chicago. Long ago it was held that in a case of the fourth class of the municipal court, "if upon hearing the evidence he [plaintiff] appears to be entitled to recover and the court has jurisdiction of the defendant and of the subject matter of the litigation," the judgment will stand regardless of the allegations of the statement of claim, where no objection is made to the statement of claim or on the hearing, that the evidence offered does not tend to prove the allegations of the statement of claim. *Edgerton v. Chicago, R. I. & P. Ry. Co.,* 240 Ill. 311; *Bruner v. Grand Trunk Western Ry. Co.,* 319 Ill. 421. And many years ago the municipal court of Chicago, as it was authorized to do, enacted a rule which provided that "The pleadings

in all cases of the first class shall be the same as in cases of the fourth class." *American Credit Indemnity Co. of New York v. Yamer,* 170 Ill. App. 350; *Newport v. McPherson,* 203 Ill. App. 208; *Capital State Sav. Bank v. Larson,* 255 Ill. App. 479. And Rule 60 of the municipal court of Chicago now in effect makes no distinction between the pleadings in cases brought on contracts, express or implied, of the first and fourth class.

In the instant case, no objection having been made in the trial court by the defendant that the evidence did not prove the allegations of plaintiff's statement of claim, we hold that the contention is not now available.

The contention of defendant that it was not obligated, under the conditions of the policy above quoted, to employ counsel to have the judgment of default entered against plaintiff in the personal injury case vacated and set aside, and the service of summons quashed, must be sustained. Under the conditions of the policy the defendant was required to defend plaintiff in any action brought against him only when it was notified that the action had been brought. Obviously it could not defend a personal injury action brought against Heilig when it had no notice of the pendency of the action.

The trial judge found that defendant had no notice of the personal injury suit until after the term at which the judgment was rendered; that it was first advised of the personal injury case the day after the execution was served on Heilig.

Although the point is not before us, apparently the defendant will now defend the personal injury case since the judgment has been vacated and set aside, and it has been notified of that fact.

We think it would have been of assistance to us had the trial judge briefly stated the reasons for his deci-

sion and included them in a report of the proceedings at the trial, as provided by Rule 36 of the Supreme Court and Rule 1 of this court. The rule states: "A brief statement by the trial judge of the reasons for his decision may be included in the report of the proceedings at the trial."

The judgment of the municipal court of Chicago is reversed.

*Judgment reversed.*

McSurely and Matchett, JJ., concur.