Benjamin Fisher for the Use of La Conia Johnson, Plaintiff-Appellant, v. Inter Insurance Exchange of Lake States Automobile Association, Defendant-Appellee.

Gen. No. 50,269.

First District, Second Division.

November 30, 1965.

Hanley and Land, of Lansing, for appellant.

Jerome D. Fireman, of Chicago, for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

La Conia Johnson sued Benjamin Fisher to recover damages to her automobile. Plaintiff's car was parked. The defendant's car went out of control and struck plaintiff's car. A summons was served on the defendant on February 29, 1964, returnable on March 6, 1964. The defendant failed to appear and a default order was entered. On March 23, 1964, judgment was entered against defendant for $859.22. An affidavit in garnishment was filed and a garnishee summons served on Inter Insurance Exchange of Lake States Automobile Association, hereinafter called the garnishee. The garnishee answered that it was not indebted to defendant. Plaintiff contested the

answer. On July 8, 1964, in an ex parte trial, a judgment for $870.72 was entered in favor of defendant for use of plaintiff, and against garnishee. The latter was not represented at the trial. Within 30 days the garnishee moved to vacate the ex parte judgment against it. On August 27, 1964, the court vacated the judgment against the garnishee.

The garnishee filed an answer and admitted that it issued a policy of insurance covering liability of the defendant, Fisher, for property damage caused by the wrongful operation of his automobile. The answer recited that the terms of the policy contained the following conditions:

> "Condition No. 5. If claim is made, or suit is brought against the insured, he shall immediately forward to the Exchange, every demand, notice, summons or other process received by him or his representative.
>
> . . . . . .
>
> "Condition No. 7. No action shall lie against Exchange unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this policy."

The answer concluded by alleging that defendant, Fisher, failed to send a copy of the summons to the garnishee and that the first notice that it had of the lawsuit was when the garnishment summons was served upon it. On the trial of the issue, the court entered judgment in favor of the garnishee and against plaintiff, who appeals.

The garnishee had knowledge of the fact that on March 15, 1963, Fisher's automobile struck the parked automobile of La Conia Johnson. The suit against Fisher was begun on February 26, 1964. Fisher did not send or deliver to the garnishee the summons that was served on him, as required by Condition No. 5 of the policy of insurance. The trial court found that the defendant had

3

no notice of the lawsuit sufficient to locate and defend the suit and that it did not take any steps which would constitute a waiver of Condition No. 5. The trial judge rejected the testimony of Fisher regarding a telephone conversation between him and a woman telephone operator in the office of the garnishee.

After a careful reading of the transcript of the testimony we are satisfied that the judgment is not against the manifest weight of the evidence. Therefore the judgment in favor of the garnishee is affirmed.

Judgment affirmed.

BRYANT and LYONS, JJ., concur.