475 P.2d 637 (1970)
Cecil WETZBARGER, Plaintiff in Error,
v.
Dianne Jean EISEN, by Irving Eisen, her father and next friend, and Irving Eisen, Defendants in Error.
NORTHLAND INSURANCE COMPANY, Plaintiff in Error,
v.
Cecil WETZBARGER, Defendant in Error.
No. 70-330, (Supreme Court No. 23218, 23186.)
Colorado Court of Appeals, Div. II.
October 14, 1970.
*638 Costello & Kofoed, Denver, for Cecil Wetzbarger.
Brenman, Ciancio, Rossman & Baum, Denver, for Dianne Jean Eisen and Irving Eisen.
Sheldon, Bayer, McLean & Glasman, Richard H. Glasman, Denver, for Northland Ins. Co.
Not Selected for Official Publication.
ENOCH, Judge.
These cases were originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
The two cases before this court on appeal will be treated separately as they involve separate and distinct issues. The first case concerns the liability of the owner-driver of an automobile for injuries sustained by a passenger in a one car accident. The second case involves the *639 liability of the insurance carrier for damages assessed against the owner-driver.
I
Dianne Jean Eisen (Dianne) and her father, Irving Eisen (Irving), filed suit against Cecil Wetzbarger (Cecil). After trial to the court, judgments were entered in favor of Dianne ($4,600) for her personal injuries and in favor of Irving ($893) for medical expenses which resulted from the injuries suffered by his minor daughter, Dianne.
Cecil, as plaintiff in error, seeks a reversal of the trial court on the basis of two alleged errors.
A
Cecil alleges that, "the trial court violated the provisions of the pre-trial order to the prejudice of the defendant (Cecil) by admitting evidence consisting of medical bills as exhibits and allowing Dr. Charles Bloomquist to testify when the exhibits showing the medical bills and the reports of the medical witness were not provided to opposing counsel prior to trial as provided by the Pre-Trial Order."
We do not agree that this is reversible error. The record indicates that the exhibits in question were received by the attorney for the insurance company who actively participated in the trial along with Cecil's attorney. There is no evidence that plaintiffs' attorney refused to comply with the pre-trial order. The inference to be drawn from the evidence is that there was attempted compliance, though the one attorney apparently did not receive his copies. In any event, there is no evidence of prejudice and the trial court can modify a pre-trial order at trial to prevent manifest injustice. See, Ferguson v. Hurford, 132 Colo. 507, 290 P.2d 229.
B
The second error alleged is that the evidence was insufficient as a matter of law to support a finding of willful and wanton disregard of the plaintiff's (Dianne) rights as required by the Colorado Guest Statute. We again disagree. There is considerable conflict in the testimony which distinguishes this case from a number of the cases cited by the defendant. It has been held that speed alone is not sufficient evidence to establish willful and wanton conduct. However, the trial court found, and we think from sufficient evidence, that Cecil was in a perturbed mood as he drove 45 m.p.h. into a down hill curve, posted for 20 m.p.h. The evidence further showed that he became angry as a result of conversation in the car between Dianne, with whom he was going steady at the time, and another passenger in the car who was a friend of Cecil. This friend had just asked Dianne for a date which she had accepted, and whether it was done jokingly or not, Cecil reacted by saying in effect to his friend that he, the friend, would never live to see the day. It was immediately after this conversation that Cecil accelerated the car and within moments went off the road because of his inability to negotiate the curve in the road. The question of whether defendant's conduct constituted willful and wanton behavior is a question to be considered by the trier of fact. Hodges v. Ladd, 143 Colo. 143, 352 P.2d 660. The trial court was the trier of fact in this case and resolved the question in plaintiffs' favor. After a review of the record, we cannot say that the trial court erred as a matter of law in concluding that there was willful and wanton conduct on the part of Cecil.
II
The second case for consideration developed when defendant Cecil Wetzbarger filed a third party complaint against Northland Insurance Company (Northland). Cecil had purchased an automobile liability policy from Northland a day or two before the accident, which occurred March 2, 1963. Northland denied any liability because of Cecil's failure to comply with the notice provisions of the policy. The trial *640 court rejected Northland's position and entered judgment against Northland for the amount of the judgments which had been entered against Cecil.
A
Within a few days after the accident, Cecil notified, by telephone, the insurance broker from whom he had purchased the policy that there had been an accident. Though no written notice of the accident was given, the facts show that Cecil did not receive his insurance policy until several days after the accident. Under these circumstances, having never seen the policy, and not knowing that a written notice was required, we are inclined to agree with the trial court that the telephone notice to the agent was reasonable compliance and that Northland did have actual notice of the accident. However, the policy further provides, under "Conditions", as follows:
"2. Notice of Claim or SuitCoverages A and B. If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative."
Suit was filed against the insured, Cecil, April 18, 1963, approximately six weeks after the accident. An answer was filed May 17, 1963, and a pre-trial order was entered March 4, 1964, setting a trial date for August 19, 1964. It was not until over a year had passed that Northland had any kind of a notice that a suit had been filed. The insured finally advised his attorney in March, 1964, that he had had an insurance policy and his attorney in April, 1964, gave notice to Northland that suit had been filed and a trial date set. No explanation was given for failing to notify Northland.
We agree that failure of the insured, without any sufficient explanation, to forward the summons and complaint to Northland constituted a breach of the policy as a matter of law and renders said policy null and void. Even, where as here, the insured's attorney forwarded the required papers, this was not done until over a year after they were served on the insured and certainly does not comply with the time requirement that they be "immediately" forwarded. This rule of law concerning notice is set forth in Barclay v. London Guarantee & Accident Co., 46 Colo. 558, 105 P. 865, and quoted and reaffirmed in Certified Indemnity Co. v. Thun, 165 Colo. 354, 439 P.2d 28.
We find no authority for the trial court's determination that Northland had a burden of proving that the company was prejudiced by the year delay in receiving notice of the suit. As stated in Barclay v. London Guarantee & Accident Co., supra, a policy of insurance is a contract and failure to give proper notice is a breach of a condition precedent which relieves the insuror of any liability under the policy.
B
Northland further alleges that it was error for the trial court to have considered the Colorado Financial Responsibility Act, C.R.S.1963, 13-7-19 and 13-7-23, in determining Northland's liability under the policy. The trial court stated as follows:
"It would appear to the court that the policy in Colorado, again, with the Safety and Responsibility Act, is to protect third parties, and that the insurance company would have to show some prejudice because of the failure of the insured to do some act that actually injured or effected his rights."
There is no evidence in the record by any of the parties that the policy in question was certified as proof of future financial responsibility. We agree that it was error for the trial court to have applied this law to the facts of the case. The same error was made by the trial court in American Service Mutual Insurance Co. v. Parviz, 153 Colo. 490, 386 P.2d 982, and judgment was reversed by the Supreme Court.
*641 The other alleged errors need not be considered in light of the rulings herein stated.
The judgments in favor of Dianne Jean Eisen and Irving Eisen against Cecil Wetzbarger are affirmed.
The judgment in favor of Cecil Wetzbarger against Northland Insurance Company is reversed with directions to set aside this judgment.
DWYER and PIERCE, JJ., concur.