MARTHA SUE SOMMER, a Minor, by DOROTHY SOMMER, her Mother and Next Friend, Plaintiff-Appellee, *v.* EUGENE G. SCHUETT, Defendant-Appellee—(CONSTITUTIONAL PREFERRED MUTUAL INSURANCE COMPANY, Garnishee-Appellant.)

(No. 58461; ▮▮▮▮▮▮▮▮▮▮

First District (5th Division)—July 12, 1974.

Dalton P. Grief, of Chicago (Ellis B. Rosenzweig, of counsel), for appellant.

Herbert F. Stride, Ltd., of Chicago, for plaintiff-appellee.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

This is a garnishment proceeding brought by plaintiff against garnishee, the insurance carrier of Eugene Schuett. A default judgment in favor of plaintiff and against Schuett had been entered in the amount of $7500. Garnishee denied liability on the ground that Schuett never notified it that there was a pending action as was required by the insurance policy. The trial court, sitting without a jury, found for plaintiff. On appeal garnishee contends that the judgment entered below is either so contrary to the evidence that we must reverse and enter judgment in its favor or, at the least, remand for a new trial.

On August 19, 1968, plaintiff filed a complaint for personal injuries arising out of an automobile accident. A summons and copy of the complaint were served on Schuett, the defendant, in April 1971. On June 2, 1971, the case was called for trial on the regular trial call and dismissed for want of prosecution. Plaintiff petitioned the court to vacate the dismissal. A copy of the petition was sent to Schuett. On June 15, 1971, plaintiff's petition was allowed and the case was returned to the trial call of the court. On September 30, 1971, a default judgment in the amount of $7500 was entered against Schuett. Plaintiff instituted the instant garnishment proceeding against garnishee, Schuett's insurance carrier, on January 13, 1972. Garnishee, in denying liability, alleged that the first notice it received of the lawsuit was the service of the garnishment summons, and that the failure of Schuett to notify it of the suit constituted a breach of the insurance policy. It admits that it had received notice of the accident.

At trial Mrs. Eugene Schuett testified for plaintiff that she was insured by garnishee. Her husband was using her car at the time of the accident. He received the summons in April 1971. She knew that the summons had to be turned over to garnishee, and she prepared a receipt to

be signed by someone employed by garnishee when the summons was delivered to it.

Eugene Schuett testified for plaintiff that he understood that it was his obligation to turn the summons over to garnishee. On Saturday, April 17, 1971, he took the summons, complaint and receipt and "drove up Harlem Avenue" until he reached Milwaukee Avenue and then "back down Milwaukee Avenue to Constitutional Preferred." The offices were located in the 5600 block of Milwaukee Avenue. Although he could not recall the exact address, it was printed on the card issued with the insurance policy. He could not describe the building nor could he recall whether there were any distinctive markings on it. He went into the building and was met by a receptionist. He could not remember the exact location of her desk. He remembered that she was about 20 years old but could not describe her further. He gave her the summons and asked her to sign the receipt. The receptionist said she would check, came back in a few minutes and said there was nobody who would sign the receipt. He then took the receipt and left.

Edward Stretch, garnishee's office manager, testified for garnishee that the office is located at 5618 North Milwaukee Avenue. It is in a one-story dark brick building. Flanking the door are panes of glass bearing the garnishee's insignia which consists of the letters "CP" beneath a drawing of an eagle. Garnishee's full name, Constitutional Preferred Mutual Insurance Company, also appears on the windows. April 17, 1971, was a Saturday; garnishee's office is not open on Saturday. If any employees were present on a Saturday, they would be there at his direction; he did not direct anyone to be at the office on April 17, 1971.

Anthony Milewski, garnishee's accounting supervisor, testified that his duties included the issuance of payroll checks. All women employees are required to punch in and out by time clock. If they do not have a time card punched, they do not get paid. No compensation was paid to any employee of garnishee for having worked on April 17, 1971. Time cards for the week ending April 16 and the week ending April 23 were introduced into evidence. There was no time punched for any employee for Saturday, April 17. He also testified that when the insurance policy in question was issued, garnishee's office was located on Peterson Road.

Dolores Odo testified for garnishee that she is the secretary in charge of processing claims. Any summons or complaint received by the company is directed to her. She did not receive a summons or complaint in the suit of *Sommers v. Schuett* in April 1971. She was not a garnishee's office on any Saturday during April 1971.

The court, in ruling in favor of plaintiff, stated that the testimony of Schuett impressed him.

*OPINION*

The sole contention raised on appeal is that insufficient evidence was adduced below to show that Eugene Schuett, pursuant to the terms of the insurance contract, presented to garnishee the complaint and summons which had been served upon him.

■■ Although a court of review is empowered by Supreme Court Rule 366 (Ill. Rev. Stat. 1971, ch. 110A, par. 366) to review questions of fact, this court will not disturb a trial court's finding unless that finding is against the manifest weight of the evidence. (*Arakie v. Hatoff*, 5 Ill.App. 3d 1073, 284 N.E.2d 703.) The rationale underlying this rule is that "* * * especially where the testimony is contradictory, the trial judge as the trier of fact is in a position superior to a court of review to observe the conduct of the witnesses while testifying, to determine their credibility, and to weigh the evidence and determine the preponderance thereof. We may not overturn a judgment merely because we might disagree with it or might, had we been the trier of facts, have come to a different conclusion." *Schulenburg v. Signatrol, Inc.*, 37 Ill.2d 352, 356, 226 N.E.2d 624.

■■ In the case at bar Eugene Schuett testified that he delivered the summons to a receptionist at garnishee's Milwaukee Avenue offices on April 17, 1971. Although he could describe neither the exact address of the offices nor the appearance of the building in which they were housed, he was able to detail the route he took to them from his home. The trial court, while taking cognizance of the contradictory evidence introduced by garnishee, explicitly found that he was impressed by Schuett's testimony and entered judgment in favor of plaintiff. Viewing the evidence in its entirety, we believe that it does not favor garnishee so overwhelmingly that no contrary result could ever stand, and therefore we affirm this judgment. *Cf. In re Application of County Collector*, 131 Ill.App.2d 509, 266 N.E.2d 383.

Affirmed.

SULLIVAN, P. J., and LORENZ, J., concur.