JEANINE LYNN, Plaintiff-Appellee, v. THE VILLAGE OF WEST CITY, Defendant.—(THOMAS JEFFERSON INDEMNITY COMPANY, Garnishee-Appellant.)

Fifth District No. 75-346

Opinion filed March 12, 1976.

Lawrence E. Johnson and Associates, of Champaign (L. Keith Hays, Jr., of counsel), for appellant.

Elmer Jenkins and Jeff Troutt, both of Benton, for appellee.

Mr. PRESIDING JUSTICE KARNS delivered the opinion of the court:

Appellant-garnishee, Thomas Jefferson Indemnity Company, appeals from a judgment in the amount of $5,300 in favor of plaintiff-garnisher, Jeanine Lynn, after a bench trial in Franklin County. The suit arose after plaintiff had obtained a default judgment against defendant, Village of West City, from which no appeal was taken.

Two issues are presented for review: whether the insured, Village of West City, complied with certain provisions of a comprehensive general liability insurance policy issued by the Thomas Jefferson Indemnity Company requiring notice of occurrence, claim or suit; and whether the trial court's finding of liability on the part of the company under the policy is against the manifest weight of the evidence.

The underlying action was brought by plaintiff to recover for personal injuries received in a collision between a motor vehicle operated by plaintiff and a road grader owned by defendant Village. Prior to the accident the Village had purchased a comprehensive municipal liability policy issued by the Thomas Jefferson Indemnity Company. One of the policy provisions conditioning the company's liability provided "if claim is made or suit brought against the insured, the insured shall immediately forward to the Company every demand, notice, summons or other process received by him or his representative."

■■ The pivotal question is whether the insurance company had notice of the lawsuit filed against its insured. The policy required the

insured Village to comply with the terms and conditions contained therein, and while the company has a duty to defend its insured, it must have an opportunity to defend which obviously requires the cooperation and assistance of its insured. In this action, the garnisher has no greater right of recovery than the Village against its insurer (*Zitnik v. Burik*, 395 Ill. 182, 69 N.E. 888 (1946)), and unless there was compliance with the notice provisions of the policy, the company owed no duty to the Village, nor the judgment creditor. *Heilig v. Continental Casualty Co.*, 280 Ill. App. 142 (1935).

The policy in question was purchased by the Village through the S.C.D. Rea and Son Insurance Agency of Benton, Illinois. Rea testified that his company was not an agent of Thomas Jefferson Indemnity Company, but acted as a broker in placing the policy through the general agent of the company at Bloomington, Illinois. At no time did any witness testify that the Rea Agency acted other than as agent for the Village in processing the policy and in its dealings with the defendant-garnishee company acted as an insurance broker.

The accident occurred on August 24, 1973; the village clerk testified that she received some "papers" in April, 1974, and took them to the village attorney who instructed her to take them to the Rea Agency, which she did. Rea recalled that a "report" of the accident, apparently a statutory notice of claim against the Village, was given to him by the Village on January 21, 1974. The record is silent whether this report was forwarded to the insurance company or its agent. Rea verified that the village clerk delivered the summons to him and stated that to the best of his knowledge it was sent to the company's agent in Bloomington. On cross-examination he testified that the office procedure was to staple the summons to a note and mail it to the issuing agent, not the insurance company, in envelopes furnished by the agent; that ordinarily he would write the note in longhand but the actual mailing would be done by an employee; and that he could only state that this was the usual procedure since he does not make or keep copies of correspondence or documents such as a summons.

The trial court found that the Rea Agency was not the agent of the defendant-garnishee. The court further found, however, that there was sufficient proof of mailing the summons to the general agent of defendant-garnishee, citing with approval *Sommer v. Schuett*, 21 Ill. App. 3d 523, 315 N.E.2d 562 (1974), which held that the trial court's finding that the insured had delivered a summons to his insurer at its principal office was not against the manifest weight of the evidence. We do not believe *Sommer* to be helpful in deciding the instant case, however.

Viewing the evidence most favorably to the appellee, we do not find

sufficient evidence of mailing to bring into play the rule that proof of mailing creates a presumption of receipt. Duppe Rea testified that the summons was brought to his office by the village clerk but could offer no evidence other than usual office practice to prove that the summons was sent to the general agent of the garnishee. The more organized claim files of the garnishee and its agent, Munico, Ltd., were positive proof that no summons was received until after default judgment was entered. Thus we believe that plaintiff failed to sustain her burden of proof of compliance with the terms of the policy and that the judgment of the trial court on this issue was against the manifest weight of the evidence.

■■■ The mere proof of usual or customary business practice in the mailing of correspondence is not sufficient proof of mailing of a specific item. There must be proof that the practice was followed in the mailing of the particular item in question. (*Buckingham Corp. v. Ewing Liquors Co.*, 15 Ill. App. 3d 839, 305 N.E.2d 278 (1973).) Even in the event the presumption could become applicable, however, it only raises an issue of fact. (*ITT Abrasive Products Co. v. Lewis*, 12 Ill. App. 3d 83, 298 N.E.2d 242 (1973).) Based upon the testimony of Duppe Rea in this case, even were we to accept "usual office practice" as sufficient, the positive proof that the summons was not received would have overcome the presumption arising from these facts.

In the alternative plaintiff asks this court to hold that the S.C.D. Rea and Son Agency was an agent of the garnishee and that, therefore, the undisputed evidence that Duppe Rea received the summons issued on plaintiff's complaint is sufficient to prove notice as required by the policy. Rea testified that he acted for the Village as its agent. This testimony was supported by the claims examiner of Munico, Ltd., and was uncontradicted. The court in its memorandum of decision specifically found that Rea was not an agent of the garnishee but acted as an agent of the insured, Village of West City. Yet plaintiff contends that the evidence that Rea collected and transmitted premiums to the garnishee's general agent, investigated and forwarded claim information, and advised the insured on terms and coverage indicates that Rea acted as an agent for the garnishee, perhaps in addition to his role as agent for the Village.

■■ "Agent" under the Insurance Code (Ill. Rev. Stat. 1975, ch. 73, par. 1065.37) means "any person, partnership, association or corporation, who or which solicits, negotiates or effects for or on behalf of any company, policies or contracts for insurance * * *." "Broker" is defined in the same section as "any person, partnership, association or corporation, who or which acts or aids in any manner in the solicitation

or negotiation, for or on behalf of the assured, with or without compensation, of policies or contracts for insurance * * *." In *Moone v. Commercial Casualty Insurance Co.*, 350 Ill. App. 328, 112 N.E.2d 626 (1953), the court held that whether an individual is a broker (representing the insured) or an agent (representing the insurer) is a question of fact to be determined by the actions taken by the individual. The court applied a four-point test to determine the relationship: "who first set him in motion, who could control his action, who is to pay him, and whose interest was he there to protect." (350 Ill. App. 328, 335, 112 N.E. 2d 626, 628; see also *Mooney v. Underwriters at Lloyd's, London*, 54 Ill. App. 2d 237, 249, 204 N.E.2d 51, 56 (1964).) Another court, while agreeing that the relationship is to be determined by the acts of the individual in question, stated "Insurance agents have a fixed and permanent relation to the companies they represent and have certain duties and allegiances to such companies" while brokers solicit orders for insurance from the public and place such orders with companies chosen by the insured or by the broker and have "no employment from any special company." *Galiher v. Spates*, 129 Ill. App. 2d 204, 206, 262 N.E.2d 626, 627 (1970).

■■ We find nothing in the record inconsistent with Rea's statement that he acted solely as a broker. The Village approached Rea to purchase liability insurance. Rea purchased the policy through the general agent for garnishee and did not deal with the company. The "producer" or agent is clearly listed on the policy as Munico, Ltd. The other evidence relied upon by plaintiff is that Rea collected and transmitted premiums and collected and transmitted reports and information on the facts of this claim. In addition, Rea was expected to transmit similar information on any other claim which might arise and be available to explain terms of the policy to the insured. None of these activities is inconsistent with Rea's position as broker, representing the interest of the insured. That these activities might inure to the benefit of the insurer as well does not alter the broker's position, as the insured would expect the broker to undertake such activities as would be required to insure the continuing validity of his coverage. No evidence was introduced of a "fixed and permanent relation" between Rea and the garnishee and plaintiff did not establish any conduct by Rea inconsistent with his agency relationship with the Village of West City.

We hold, therefore, that the evidence failed to establish that the Village of West City complied with the conditions of its insurance policy and that judgment should have been entered in favor of garnishee and against plaintiff.

The judgment of the Circuit Court of Franklin County is reversed and the cause is remanded with directions that the court enter judgment in favor of garnishee and against plaintiff.

Reversed and remanded with directions.

EBERSPACHER and CARTER, JJ., concur.