**INDEPENDENT SCHOOL DISTRICT NO. 1 OF TULSA COUNTY, Oklahoma, Appellees,**

v.

**Robert L. JACKSON, Defendant,**

**Mid-Continent Casualty Company, Garnishee-Appellant.**

**No. 51887.**

Supreme Court of Oklahoma.

March 18, 1980.

**1154**

Gibbon, Gladd, Clark, Taylor & Smith, P. A., Tulsa by Richard D. Gibbon and Joseph E. Clark, Jr., Tulsa, for garnishee-appellant, Mid-Continent Cas. Co.

Rosenstein, Fist & Ringold by J. Douglas Mann and James W. Tilly, Tulsa, for appellees, Independent School Dist. No. 1 of Tulsa County, Okl.

HODGES, Justice.

This is a garnishment action brought against Mid-Continent Casualty Co. [insurer] after a default judgment was entered against its insured, Robert L. Jackson. Under the terms of the policy, Mid-Continent was to indemnify Jackson or any other person driving the vehicle with his permission.

On July 7, 1974, Jackson went to sleep with his 1973 Cadillac parked in the yard. While he slept, his son, Michael Jackson, entered the bedroom and took the keys to the cadillac. Herthon Jackson, Robert Jackson's nephew, drove the car to Washington High School, accompanied by his brother, Herbert, and Michael. As the car entered the parking lot of the school, several shots were fired into it, one of which struck Herthon in the chest. He attempted to drive away from the school, but he lost control of the car, and crashed into the side of the high school gymnasium. Herthon died as a result of the gunshot wounds. The collision substantially damaged the gymnasium, which was repaired by the school district at a cost of $5,231.86.

The school district subsequently notified Mid-Continent that it was making a claim in the amount of $5,231.86 against Jackson's policy for the damage. Mid-Continent denied liability under the policy, asserting that Herthon was not a permissive user. The school district filed suit against Jackson on November 18, 1974. The insured failed to give Mid-Continent notice of the litigation as required under the terms of the policy,[1] and on January 6, 1975, a default judgment was entered in favor of the school

1. The policy provided that:

   . . . "If claim is made or suit brought against the insured, he shall immediately forward to the company every demand, notice summons, or process received by him or his representative."

district. After the default judgment was entered against Jackson, a garnishment affidavit was filed against Mid-Continent by the school district on February 27, 1976. Mid-Continent denied liability. On April 29, 1977, the Tulsa County District Court found that the insurer was liable for the judgment rendered against Robert Jackson for the total amount of $5,231.86, plus interest.

Mid-Continent asserts that Jackson's failure to notify them of the pending lawsuit was a breach of the insurance policy contract, and that it should not be held liable. The school district counters this by contending that since the insurer originally disclaimed liability under the policy because the driver of the car was a non-permissive user, it has waived all other defenses and cannot now claim non-liability on the grounds that it had no notice of the lawsuit.

The school district relies on the case of *Western Casualty and Surety Co. v. Lund*, 132 F.Supp. 867 (W.D.Okl.1955) which held that an insurer is precluded from successfully defending against an action brought under a liability policy on the grounds of a violation by the insured of the provisions as to notice and the forwarding of process where it had denied liability on some other grounds. The *Western Casualty* case was a declaratory judgment brought by the insurance company to determine if they had to defend a lawsuit against the insured. The insurer originally disclaimed any liability under the policy, but in the subsequent action asserted lack of timely notice of the accident as their defense. The court ruled that because the insurer had originally claimed no liability under the policy, it had waived all other defenses. In *Western Casualty* the insurer had notice of the lawsuit, the dispute involved whether the insurer

had a duty to defend the lawsuit. This case is distinguishable, the insurer did not receive notice that a lawsuit had been filed against the insured, or that default judgment was to be entered.

■ The general rule is that a provision in an automobile liability policy requiring that the insured forward to the insurer every demand, notice, summons or other process received by the insured is unambiguous, reasonable, valid, and a condition precedent to recovery on the policy.[2] The purpose of this policy provision is to enable the insured to inform the insurer of the lawsuit so that it may investigate the accident, and prepare a timely defense for the insured. However, unless the insurer is prejudiced from the lack of notice, failure to give the insurer notice of the lawsuit will not relieve the insurer from liability for the accident.[3]

■ The cases of *Fisher v. Inter Insurance Exchange of Lake States Automobile Assoc.*, 66 Ill.App.2d 2, 214 N.E.2d 357 (1965), and *Hardware Mutual Casualty Co. v. Scott*, 116 Ga.App. 637, 158 S.E.2d 275 (1967), are similar to the case at bar. In each instance the insured had failed to give the insurer notice of the original suit and a judgment creditor had obtained a default judgment against the insured, and then initiated a garnishment action against the insurance company. The court held in both cases that the automobile liability insurer was not liable in a garnishment proceeding by a judgment creditor where the evidence established that the insured did not forward the summons that was served upon him to the insurer. In this case, Mid-Continent received no notice of the pending lawsuit, nor did it receive notice that default judgment would be taken. The insurance policy specifically stated that notice must be pro-

**2.** *Clemmons v. Nationwide Mutual Insurance Co.,* 267 N.C. 495, 148 S.E.2d 640 (1966); *North River Insurance Co. v. Gourdine,* 205 Va. 57, 135 S.E.2d 120 (1964); *Fisk v. Atlantic National Insurance Co.,* 108 N.H. 353, 236 A.2d 688 (1967); *Greer v. Zurich Insurance Co.,* 441 S.W.2d 15 (Mo.1969); *Wetzbarger v. Eisen,* 475 P.2d 637 (Colo.App.1970); *Lummis v. Western Fire Insurance Co.,* 443 S.W.2d 767 (Tex.Civ.

App.1969); *Ballew v. State Farm Mutual Automobile Insurance Co.,* 122 Ga.App. 417, 177 S.E.2d 172 (1970); *Davenport v. Travelers Indemnity Co.,* 283 N.C. 234, 195 S.E.2d 529 (1973).

**3.** *Continental Casualty Company v. Beaty,* 455 P.2d 684 (Okl.1969); *Fox v. National Savings Insurance Co.,* 424 P.2d 19 (Okl.1967).

vided. Mid-Continent was prejudiced because it did not have the opportunity to present its defense.

REVERSED.

All the Justices concur.