JOHN P. MITCHELL, JR., Plaintiff-Appellee and Cross-Appellant, *v.*
MILDRED TATUM, Defendant-Appellant.—(ALLSTATE INSURANCE
COMPANY, Garnishee-Defendant-Appellee.)

First District (2nd Division)   Nos. 80-1818, 81-357 cons.

Opinion filed March 9, 1982.—Rehearing denied April 20, 1982.

O. Kenneth Thomas, Ltd., of Harvey (O. Kenneth Thomas, of counsel), for appellant.

Orner, Wasserman & Moore, Ltd., of Chicago (Norton Wasserman and H. Elisabeth Huber, of counsel), for appellee Allstate Insurance Company.

James E. Land, Ltd., of Calumet City (Edward J. Szewczyk, of counsel), for appellee John P. Mitchell, Jr.

JUSTICE PERLIN delivered the opinion of the court:

A $4500 default judgment was entered against defendant, Mildred Tatum (Tatum) for personal injuries and property damage stemming from an automobile collision with plaintiff, cross-appellant, John P. Mitchell, Jr. (Mitchell). Tatum appeals from the trial court's denial of her

motion to quash service of process. Mitchell appeals from the trial court's denial of his garnishment of the proceeds of Tatum's insurance policy. The consolidated appeals raise the following issues for our review: (1) whether Tatum rebutted the presumption of proper service of process by clear and convincing evidence; and (2) whether Tatum's insurer was estopped from asserting its policy defenses against her judgment creditor.

For the reasons hereinafter stated we affirm the orders of the circuit court of Cook County.

Mitchell filed suit on March 15, 1979, seeking damages resulting from an automobile collision with Tatum. According to the sheriff's return of service dated April 11, 1979, personal service was made at 16130 Wolcott, Markham, Illinois, on a black female aged about 48. Tatum, a black female aged 50, did not appear at trial, and a default judgment was entered against her on May 18, 1979. Tatum took no action in this matter until she was notified by the Illinois Secretary of State that her driver's license was suspended due to the uncollected judgment against her. It was at this point, the first week in October 1979, that Tatum first notified her insurer, Allstate Insurance Company (Allstate), of the accident, the lawsuit, and the judgment.

On November 30, 1979, Allstate informed Tatum that her failure to notify the company before judgment was entered against her constituted a breach of the notice-of-suit condition in her policy. The company asserted that due to her breach, it was not liable under the policy for the judgment. Allstate also reserved its right to assert a defense of no coverage if either she or her judgment creditor made a claim under her policy. Allstate then retained its house counsel to represent Tatum and on January 29, 1980, moved to quash service of process. This motion was denied on April 3, 1980.

On April 22, 1980, Allstate wrote another letter to Tatum again reserving its rights. Additionally, Allstate disclosed the potential conflict of interest inherent in its attempt to quash service. Allstate explained that if it was determined that Tatum was properly served, that determination would be tantamount to a finding that she breached the notice condition in her policy and therefore relieved the company of its obligations under the policy. If service of process were quashed, however, the default judgment would be vacated, the suit would be retried and Allstate would be obligated to defend Tatum and satisfy any unfavorable judgment entered against her. Thus it was to the company's advantage to have service upheld. Allstate then suggested that Tatum retain her own counsel to handle the matter. It appears from the record, however, that Tatum ignored Allstate's advice.

On May 30, 1980, additional testimony was heard on the motion to quash service. Mrs. Shaw, Tatum's daughter and a resident of Monroe,

Louisiana, testified that Tatum was visiting her in Monroe on the date Tatum was allegedly served. Kevin Tatum, defendant's 30-year-old son, testified that the sheriff actually served process on him at 16130 Wolcott and that he misplaced it and forgot to tell anyone about it. Sheriff Glasper, a civil process server, testified that he served the defendant on April 11. He identified her in court and asserted that he did not know her prior to serving her on that day. After hearing this testimony, the court again denied the motion to quash.

On July 14, 1980, Mitchell instituted garnishment proceedings against Allstate seeking the proceeds of Tatum's automobile insurance policy. Allstate denied liability under the policy on the ground that Tatum's breach of the notice-of-suit condition in her policy absolved the company of any liability under the policy. The trial court found for Allstate, and Mitchell appeals from that judgment.

I

In her appeal Tatum contends that the trial court erred in denying her motion to quash service because she proved by clear and convincing evidence that she was not served on April 11, 1979. We cannot agree.

The law is clear that the sheriff's return of service is prima facie proof of service and can be overcome only by clear and convincing evidence. This court is required to indulge every presumption in favor of the sheriff's return. *Whitworth v. Morgan* (1977), 46 Ill. App. 3d 292, 360 N.E.2d 1198; *Aetna Casualty & Surety Co. v. Sanders* (1973), 15 Ill. App. 3d 573, 305 N.E.2d 25.

■■ The evidence in this case is conflicting. Tatum's children testified that she was in another State at the time of the purported service and therefore could not have been served. The sheriff, however, testified that he served Tatum at her home on April 11, 1979. He testified that he did not know defendant prior to April 11, yet he accurately described her on his service return. The trial court heard all of the evidence and determined that Tatum did not overcome the presumption of proper service. Given the conflicting testimony in this case the decision rested on the trial court's evaluation of the credibility of the witnesses. Since it is his proper function to judge the credibility of witnesses, we will not substitute our judgment for that of the trial court. (*Abron v. Public Pontiac, Inc.* (1965), 64 Ill. App. 2d 73, 212 N.E.2d 326.) Accordingly, we find no error in the trial court's denial of Tatum's motion to quash service.

II

Mitchell, cross-appellant, contends that the potential conflict of interest inherent in Allstate's representation of Tatum under a reservation

of rights estopped Allstate from asserting a policy defense of no coverage against Tatum or her judgment creditor.

■▌ It is well established that unless an insured complies with the notice-of-suit condition in an automobile insurance policy, the insurer is not liable under the policy to its insured or to an insured's judgment creditor. (*Lynn v. Village of West City* (1976), 36 Ill. App. 3d 561, 345 N.E.2d 172; *Fisher v. Inter Insurance Exchange of Lake States Automobile Association* (1965), 66 Ill. App. 2d 2, 214 N.E.2d 357; *Heilig v. Continental Casualty Co.* (1935), 280 Ill. App. 142.) Here it is undisputed that Tatum breached the notice condition in her policy. Mitchell argues, however, that because Allstate assumed Tatum's defense where there was a potential conflict of interest, the company should be estopped from asserting its policy defense and pay the judgment. We disagree.

■▌ In the instant case Allstate made a timely and full disclosure to Tatum of its position and the nature of the potential conflict of interest. The company suggested that Tatum retain her own counsel to represent her. That Tatum chose not to do so does not estop Allstate from asserting a policy defense that was otherwise properly reserved. (*Apex Mutual Insurance Co. v. Christner* (1968), 99 Ill. App. 2d 153, 240 N.E.2d 742.) Moreover, Tatum acquiesced in the representation furnished by Allstate after a full and timely disclosure to her by the attorney of the potential conflict of interest. Under these circumstances Allstate's ethical obligations, which may have been spawned by the purported conflict of interest here, were properly discharged by Allstate's full and timely disclosure. *Maryland Casualty Co. v. Peppers* (1976), 64 Ill. 2d 187, 198, 355 N.E.2d 24; *Apex Mutual Insurance Co. v. Christner.*

Accordingly, the orders· of the circuit court of Cook County are affirmed.

Affirmed.

DOWNING and HARTMAN, JJ., concur.