PRINCIPAL MUTUAL LIFE INSURANCE COMPANY, f/k/a Bankers Life Company, Plaintiff-Appellee, v. INGRID DOHM, Defendant-Appellant.

Second District   No. 2—89—0839

Opinion filed August 23, 1990.

Ingrid Dohm, of Rockford, appellant *pro se.*

Holmstrom & Green, P.C., of Rockford, for appellee.

JUSTICE WOODWARD delivered the opinion of the court:

Defendant, Ingrid Dohm (Ingrid), appeals from an order of the circuit court which denied her special appearance and motion to quash service of summons. Ingrid raises one issue on appeal, namely, that the trial court erred in denying same.

On January 22, 1987, plaintiff filed a complaint for foreclosure against numerous defendants, including Mrs. Dohm. Summons were issued by the circuit clerk, and summons were eventually returned. Ingrid alleges that the summons demonstrates that she was not personally served and that the form makes no such indication regarding her. Ingrid filed no general appearance or order, and, on July 27, 1987, the trial court entered a default order against her. A judgment of foreclosure was entered on June 9, 1988. A sheriff's sale was conducted on July 26, 1988, and plaintiff was the successful bidder at said sale.

On July 13, 1989, J. Patrick Dohm, Ingrid's husband and a defend-

ant in the abovementioned foreclosure action, filed, on her behalf, a special and limited appearance and a motion to quash service of summons. On August 10, 1989, the trial court ordered J. Patrick Dohm's special and limited appearance on behalf of Ingrid stricken. On the same day, Ingrid, in her own person, filed a special and limited appearance and motion to quash service of summons and also a motion to vacate the order of default, vacate the decree of foreclosure, and to set aside the sheriff's sale.

On August 17, 1989, the trial court denied Ingrid's motion to quash service of summons and struck her special and limited appearance. On the same date, the court below denied her motion to stay her eviction from the subject premises. This appeal followed.

Ingrid contends that the return of the sheriff did not declare that a copy of the summons was left with her; that the return did not describe her by sex, race, and approximate age, or the street address at which she was allegedly served with a summons; and that the date and time of service were not stated in said return.

A review of the summons indicates that it was issued by the clerk of the trial court on January 22, 1987. On the sheriff's return portion of the summons, the following language is found:

"I certify that I served this summons as follows:

(a)—(Individual defendants-personal):

(The officer or other person making service shall (a) identify as to sex, race, and approximate age of the defendant with whom he left summons, and (b) state the place where (whenever possible in terms of an exact street address) and the date and time of the day when the summons was left with the defendant.)"

On the lines following this paragraph, the names of Ingrid Dohm and Lennart Forsgren (another defendant) are printed in ink. Next to these names, there was no language identifying them either by sex, age, or race, nor is there a street address at which the summons was served or the date and the time of said summons.

The form's paragraph (b) for individual defendant's abode service requires the identity of the person upon whom the summons is served as to approximate age, sex, and race, as well as the street address where service was had along with the date and time. In the lines following this paragraph, the names J. Patrick Dohm and Ingrid Dohm are printed in ink with the date of 1-29-87.

Under paragraph (b) there is a subsection in which the server is to verify that a copy of the complaint was sent to each individual defendant at his/her mailing address, along with the date of mailing. This section is blank.

Under section (c), which involves service upon corporations through their registered agents, the server listed three corporate entities, the registered agent served, and the date of service.

In the upper left-hand corner of the return page is the imprint of a rubber stamp (Imprint A) which states the following:

| "Sex | F | F | F | M |
| Race | W | W | W | W |
| Age (Approx.) | 38 | 48 | 48 | 60 |
| Address | 2303 Chamber Street | | | |
| Time | 2:08 p.m. | | | |
| Date of Service: | 1-28-87." | | | |

In the lower left-hand corner of the return, there is an identical imprint of a rubber stamp (Imprint B) which states as follows:

| "Sex | F |
| Race | W |
| Age (approx.) | 47 |
| Address: | 4620 E. State St. |
| Time: | 2:47 p.m. |
| Date of Service: | 1-22-87." |

There is no indication which, if any, column relates to Ingrid. Any attempt to discern who has been served and at what location leads to further confusion. For example, from the part of the return cited as Imprint B, we glean the following: a 38-year-old white woman, *two* 48-year-old white women, and a 60-year-old white man were served at 2303 Chamber Street (no city, town, or village listed) on January 22, 1987, at 2:08 p.m. As to who these defendants are, we have no idea. There is no attempt by the process server to link a defendant's name with his or her description. There are no arrows or other marks tying a defendant with his or her characteristics.

Ingrid argues that the sheriff's return fails to identify her as to age, race, and sex and that it does not state the address, date, and time of the alleged service. She further maintains that she never made a general appearance, and, therefore, the trial court could only acquire personal jurisdiction by service of process in the manner defined by statute. (*State Bank v. Thill* (1986), 113 Ill. 2d 294.) She further contends that, because the return is facially invalid, service of process was never effected upon her person.

Plaintiff argues that Ingrid failed to present clear and satisfactory evidence to rebut the presumption of service to the sheriff's return.

■ It is well settled that the sheriff's return is *prima facie* evidence that process was properly served upon defendant, unless said return is impeached by clear and satisfactory evidence. (*Four Lakes Man-*

*agement & Development Co. v. Brown* (1984), 129 Ill. App. 3d 680.) Moreover, an appellate court is required to indulge every presumption in favor of a sheriff's return of service of process. (*Mitchell v. Tatum* (1982), 104 Ill. App. 3d 986.) Ingrid argues that she needed no more proof of the invalidity than it did not identify her by sex, age, race, address, and date and time of service.

■ We do not agree. Here, Ingrid did not maintain that she had not been served with process, nor did she present any other evidence to corroborate her contention. A sloppy sheriff's return gives some indication that a party may not have been served, but a party denying service must offer more to rebut the presumption of validity than Ingrid has put forward here. See, *e.g., Mitchell v. Tatum* (1982), 104 Ill. App. 3d 986; *Aetna Casualty & Surety Co. v. Sanders* (1973), 15 Ill. App. 3d 573.

Accordingly, we affirm the judgment of the circuit court denying Ingrid's motion to quash service of summons. In so holding, we do not mean to condone the virtually inscrutable manner in which the instant sheriff's return was completed.

Affirmed.

UNVERZAGT, P.J., and GEIGER, J., concur.